UNITED STATES, Appellee,

v.

Timothy D. TITSWORTH, Private, U.S. Marine Corps, Appellant.

No. 39449/MC.
NCM 80–0236.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Commander Walter J. Landen*, JAGC, USN (on brief), *Lieutenant Commander William B. Clarkson*, JAGC, USNR.

For Appellee: *Commander T. C. Watson, Jr.*, JAGC, USN, *Lieutenant Anne L. MacArthur* JAGC, USN (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by special court-martial, consisting of military judge alone, and was found guilty of three specifications alleging violations of Article 86 of the Uniform Code of Military Justice, 10 U.S.C. § 886. The sentence was a bad-conduct discharge, confinement for 3 months, and

partial forfeitures for a like period. The convening authority reduced the confinement to 2 months and otherwise approved the findings and sentence. The supervisory authority approved the sentence as reduced by the convening authority and the United States Navy Court of Military Review affirmed. We granted review on this specified issue:

WAS APPELLANT PREJUDICED BY THE TRIAL DEFENSE COUNSEL'S FAILURE TO SUBMIT A PETITION FOR CLEMENCY AS SUGGESTED BY THE MILITARY JUDGE?

After announcing the sentence, the military judge engaged in this discussion with the defense counsel:

MJ: I'll entertain a petition for clemency from the defense counsel appended to the record of proceedings in this case; the specific clemency that—recommendation I would entertain would be a petition for a suspension of a Bad Conduct Discharge.

DC: Yes, sir.

MJ: However, at the time I receive the petition for clemency, I will want to receive work and progress reports from the Confinement Facility, if there are such.

DC: Yes, sir.

MJ: If there are such; if confinement is deferred, then of course there would not be such.

■ We have made clear that the duties of a defense counsel do not end with the conclusion of the trial. *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). He is responsible for preparing the *Goode*[1] response; and when in his professional judgment a petition for clemency may lead to a more favorable sentence for the accused, he has the obligation to prepare such a petition. Here the military judge put the trial defense counsel on notice that he would favorably consider a petition for clemency

if supported by certain reports. A recommendation by the military judge for suspension of a punitive discharge typically is given weight by the staff judge advocate and the convening authority in determining what action should be taken on the sentence. Indeed, in his review of the case, the staff judge advocate specifically noted that the military judge had invited the submission of a petition for clemency. Under these circumstances, failure to submit a petition for clemency might not only represent a lost opportunity, but also be susceptible to an adverse inference by reviewing authorities that appellant had decided that he wanted to receive the adjudged bad-conduct discharge.

■ If no petition for clemency was submitted to the military judge simply because of inaction on the part of his trial defense counsel, appellant did not receive adequate representation and very probably he was prejudiced thereby. On the other hand, if no petition for clemency was submitted because of a conscious choice made by the trial defense counsel in conjunction with appellant, Titsworth has no valid basis for complaint.[2]

After the Court specified the issue, we allowed appellate government counsel to file with us an affidavit obtained from the trial defense counsel, wherein she describes her post-trial representation of appellant. 10 M.J. 294 (C.M.A.1981). Therein she avers that she "counseled with ... [appellant] several times" and that "[h]e and I made determinations as to what course of action should be followed." She adds that, because of "attorney/client confidences," she is unable "to disclose those determinations or the reasoning behind them"; but she states that, if a question of adequacy of counsel is raised, she will reconsider her decision. Thus, while counsel implies that her failure to submit a clemency petition

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

2. The military judge requested work and progress reports from the confinement facility, if there were any; conceivably the information contained in these reports might have influenced a decision not to submit a petition for clemency. Or perhaps at some point appellant decided simply to accept a discharge of any type in order to get out of the Marine Corps quickly.

was the result of a conscious decision in which appellant concurred, her perceived ethical constraints precluded her from expressly indicating as much.

Appellate defense counsel have been unable to contact appellant and there is no affidavit from him addressing that of his trial defense counsel. Indeed, apparently Titsworth cannot be located. Nothing in the record of trial contradicts in any way the assertions or implications in the trial defense counsel's affidavit and no claim is made now by appellate defense counsel that trial defense counsel failed to inform appellant of his options as to post-trial review or to carry out his desires in that regard.

 In view of the uncontested assertions by the trial defense counsel that she "counseled with" appellant and her expla- nation of her unwillingness to reveal the contents of her discussions with him, the presumption of regularity provides a basis to infer that appellant concurred in a determination not to pursue the military judge's invitation to submit a petition for clemency.[3]

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Judge (concurring in the result):

In accord with my dissent in *United States v. Titsworth*, 10 M.J. 294 (C.M.A. 1981), and my disagreement with specifying the question in the first instance, I would vacate the grant.

---

**3.** Since there is no indication that any additional evidence would be available, there is no occasion now to return this case to the Court of Military Review for exercise of its fact-finding powers or to order a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *see United States v. Killebrew*, 9 M.J. 154 (C.M.A.1980).