**UNITED STATES, Appellee,**

v.

**Private First Class William P. JACKSON, SSN 155–52–6972, United States Army, Appellant.**

**CM 442159.**

U.S. Army Court of Military Review.

8 Aug. 1984.

---

Captain Michael T. Kelly, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, Major Robert C. Rhodes, JAGC, Captain John Lukjanowicz, JAGC, Captain Frank J. DiGiammarino, JAGC, and Captain Paul E. Conrad, JAGC.

Captain Samuel J. Rob, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, Captain Arthur L. Passar, JAGC, and Captain Jessica A. Polley, JAGC.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a gen-

eral court-martial of various offenses under the Uniform Code of Military Justice. He was sentenced to a dishonorable discharge, confinement at hard labor for five years, total forfeitures, and reduction to Private E–1. In the post-trial review, the staff judge advocate advised the convening authority that one of the offenses, a fraudulent enlistment charge, was barred by the statute of limitations. Since appellant had not waived the statute of limitations, the staff judge advocate recommended in his post-trial review that the convening authority disapprove appellant's conviction for that offense but approve the adjudged sentence. The convening authority adopted the staff judge advocate's recommendation.

Of the several errors raised by appellant, only one merits discussion.

■ In a post-trial affidavit, appellant makes numerous allegations of misconduct and derelictions by his trial defense counsel. Appellant contends that he was denied effective assistance of counsel because his counsel: (1) failed to advise him that a guilty plea would waive for purposes of appeal issues raised in a motion to suppress; (2) advised him incorrectly as to the effect his civilian criminal convictions would have on his eligibility for parole; (3) advised him incorrectly as to the maximum permissible punishment; (4) failed to advise him that a specification charging appellant as an accessory after the fact to burglary was defective; and (5) failed to raise the statute of limitations as a defense to the charge of fraudulent enlistment. A review of the record and the affidavits executed by appellant and his trial defense counsel convinces us that appellant's first three allegations are unworthy of belief. *See* Appellant's Supplemental Assignment of Errors, Apps. A and B.

■ With respect to appellant's fourth allegation, concerning defense counsel's failure to object to a defective specification, we find that this failure does not indicate appellant was denied effective assistance of counsel. The specification at issue failed to allege the elements necessary for the offense of accessory after the fact to bur-

glary. Although defense counsel's affidavit does not explain why she did not object to the specification, we do not second-guess tactical decisions by counsel unless there is no real tactical decision to be made. *See United States v. Rivas*, 3 M.J. 282 (CMA 1977). Here, if defense counsel had raised the defect in the specification as error the Government could have amended the charge and then had it resworn and re-referred. In such an instance, appellant would have received no benefit from raising the issue. Conversely, by remaining silent, defense counsel would have preserved the issue for appeal where appellant might receive some relief. *See* Ethics Roundtable, 14 The Advocate 356 (1982). Since tactical reasons existed for not objecting to the specification, defense counsel's failure to object does not constitute inadequate assistance. *Cf. Benoit v. State*, 561 S.W.2d 810 (Tex.Crim.App.1977) (attorney may have determined defective indictment could have been corrected and decided best course was to accept plea bargain). The fact that the error was discovered at appellant's trial and counsel agreed to amend the specification to allege a lesser included offense does not alter our conclusion. In conjunction with this allegation of ineffective assistance of counsel, appellant claims that defense counsel did not advise him that the facts of his case did not support a guilty plea to the original charge. We find no support for this allegation.

Appellant's final contention is that he was denied effective representation when his defense counsel failed to argue that the statute of limitations barred his conviction for fraudulent enlistment. In *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that to support a claim of ineffective assistance of counsel, appellant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. With respect to his final contention, appellant has sustained this burden.

■ A counsel's performance is judged by the reasonableness of his actions

considering all the circumstances. As noted previously, we do not second-guess strategic or tactical decisions made by trial defense counsel, but when counsel fails to act when action is necessary, such omission falls outside the range of reasonable assistance. *See United States v. Rivas*, 3 M.J. at 289. Such was the case here.

█ We discern no strategic or tactical advantage for allowing appellant to plead guilty to an offense barred by the statute of limitations, nor does trial defense counsel offer any. We reject the Government's contention that the performance of defense counsel be measured by the failure of both trial counsel and the military judge to notice that the statute of limitations barred appellant's conviction. Defense counsel had the primary responsibility for acquiring and developing the facts necessary for appellant's defense. Her failure to recognize such a fundamental defense as the statute of limitations fell below the minimum acceptable level of competence demanded of attorneys.

█ We also find that defense counsel's failure to raise the statute of limitations defense prejudiced appellant. Although the convening authority disapproved the finding of guilty of the fraudulent enlistment charge, this action only remedied the prejudice as to findings. Exhibits reflecting appellant's civilian record of numerous arrests, a lesser number of indictments, various dispositions not resulting in conviction, and several convictions were admitted during the sentencing phase of his trial in aggravation of the fraudulent enlistment charge. While evidence of some of appellant's civilian criminal convictions might have been property admitted under paragraph 75b(3) of the Manual for Courts-Martial, United States, 1969, (Revised edition), Change 5 (1981), absent his court-martial conviction for fraudulent enlistment, the overwhelming majority of the appellant's contacts with civilian police and judicial authorities listed in the exhibits would not have been admissible for sentencing purposes. Although the military judge stated he was not going to sentence appellant for his civilian offenses, he specifically noted that he was going to consider the evidence relevant to sentencing. These expressions by the military judge indicate appellant's civilian record played some role in the judge's determination of an appropriate sentence. We conclude the severity of appellant's sentence was affected by this evidence.

█ The convening authority's consideration of the adjudged sentence in light of the disapproved findings to the fraudulent enlistment offense did not cure the prejudice to appellant in this case. The staff judge advocate in his post-trial review did not set forth any useful standards for the convening authority's reassessment of appellant's sentence. Instead, after recommending that the conviction for fraudulent enlistment be disapproved, the staff judge advocate opined that the seriousness and extent of appellant's other offenses did not warrant a reduction in sentence. The staff judge advocate's opinion implicitly assumes the fraudulent enlistment offense and the evidence introduced in aggravation of that offense had no impact upon the judge's sentence deliberation. Such a conclusion flies in the face of the military judge's remarks. We will cure the prejudice appellant has suffered by reassessing his sentence.

We find the remaining assignments of error to be without merit.

The findings of guilty are affirmed. Reassessing appellant's sentence based on the noted error, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for four years, total forfeitures, and reduction to Private E–1.

Senior Judge WOLD and Judge COHEN concur.