UNITED STATES, Appellee,

v.

Sergeant David W. PEEK, 421–82–3075,
United States Army, Appellant.

ACMR 8601283.

U.S. Army Court of Military Review.

17 June 1987.

For Appellant: Captain Scott A. Hancock, JAGC (argued); Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC (on brief).

For Appellee: Captain Patrick A. Hewitt, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before PAULEY, De GIULIO and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a general court-martial composed of officer members. Pursuant to his pleas he was found guilty of sodomy with his natural daughter, a child under the age of sixteen, in violation of Article 125, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 925, (1984). He was sentenced to a dishonorable discharge, confinement for three years, total forfeitures and reduction to Private E–1. In compliance with a pretrial agreement, the convening authority reduced the confinement to twenty-five months but otherwise approved the sentence.

Appellant alleges that his trial defense counsel was ineffective when he failed to submit timely post-trial pleadings under Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 1105[1] and R.C.M. 1106.[2]

---

1. Rule 1105, *inter alia,* provides that after sentence is announced an accused may submit matters to the convening authority, to include matters in mitigation, not available at trial and clemency recommendations. In a general court-martial such as the case before us, the accused may submit matters within thirty days after the sentence is announced or within seven days after a copy of the record is served on the accused. The convening authority for good cause may extend the thirty-day period for not more than twenty additional days or the seven-day period for not more than ten additional

days. Failure to submit matters within the time periods shall be deemed a waiver.

2. Rule 1106 provides, *inter alia,* that a copy of the recommendation of the staff judge advocate must be served on counsel. Counsel may submit, in writing, corrections or rebuttal to any matter in the recommendation believed to be erroneous, inadequate, or misleading, and may comment on any other matter. Counsel has five days from receipt in which to submit comments. The five days may be extended by the convening authority up to twenty additional

The record of trial and the post-trial recommendation were served on trial defense counsel on 18 December 1986. Because trial defense counsel was changing duty stations from Europe to the United States, and because he was awaiting information from a psychiatrist treating appellant's wife, he requested and was granted a delay until 30 January to submit matters. During the third week in January 1987, defense counsel indicated to trial counsel that he needed more time to submit his post-trial matters. Apparently this request was relayed to the convening authority who did not grant the delay and took action on 3 February 1987. Unfortunately, the staff judge advocate did not relay this information to the trial defense counsel. On 12 February 1987, trial defense counsel became aware that the convening authority had already taken his action. Although the psychiatric information had not been received, he rushed the available materials to the convening authority. Since the convening authority had published the action on the case, the materials were forwarded to the clerk of this court. In his post-trial affidavit concerning the allegation of ineffective assistance of counsel, the trial defense counsel states:

In sum, my actions constituted a calculated risk. I felt the only way to get any relief from the convening authority was to demonstrate Mrs. Peek's incapacity as a parent. I balanced this against the chance that he might ignore or refuse to grant my request for a further delay, and made the decision to wait for the doctor's response.

Clearly this was a tactical decision by trial defense counsel.

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-prong standard for determining the effectiveness of counsel:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced his defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the result of the adversary process was unreliable.

This standard has been applied to the failure of the defense counsel to make a response to the staff judge advocate's post-trial recommendation. *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985).³

The *Strickland* measure of counsel's performance is reasonableness under prevailing professional norms. "Judicial scrutiny of counsel's performance must be highly deferential ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. A strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance exists. The defendant must overcome the presumption that

days. Failure to comment in a timely manner shall waive a later claim of error in absence of plain error.

3. In *Davis* the failure of the trial defense counsel to inform the convening authority that the military judge had recommended suspension of the punitive discharge was held to be ineffective assistance of counsel. In retrospect, that decision may not be applicable in every case because it assumes the convening authority does not know of the trial judge's recommendation. We are aware that it is common practice for Army staff judge advocates to present the record of trial to the convening authority with their recommendation and to brief the convening authority on its contents. Generally, we believe the convening authority is informed of the military judge's recommendation. In order to avoid allegations of error as in *Davis*, prudent staff judge advocates may be well advised to include in their recommendation a military judge's suspension recommendation, even though its inclusion is *not* required by R.C.M. 1106(d)(3).

the challenged conduct was sound trial strategy. *Id.* Applying the *Strickland* standard to the case before us we find that trial defense counsel was diligent in gathering favorable information for his post-trial comments. Tactically, counsel elected to await more information rather than comply with his known date for filing because he realized that the available information would be of little value.[4] Considering the offense of which appellant pled guilty, the facts and circumstances surrounding the offense and the sentence approved pursuant to the pretrial agreement favorable to appellant, we find appellant was not deprived of a fair trial. We find that trial defense counsel was not ineffective within the meaning of *Strickland.*

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

---

4. During oral argument before this court, appellant's defense counsel indicated that the psychi-   atric information still had not been received.