**UNITED STATES, Appellee,**

v.

**Specialist Four Roosevelt D. RICH, 416–92–1066, United States Army, Appellant.**

**ACMR 8701480.**

U.S. Army Court of Military Review.

31 March 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Donald G. Curry, Jr., JAGC, Captain Alfred H. Novotne, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Contrary to his pleas, the appellant was convicted of burglary and assault with intent to commit rape in violation of Articles 129 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 929 and 934 (1982).

Two of the appellant's three assignments of error challenge the sufficiency of the evidence to sustain this conviction. The appellant argues that his conviction must be reversed because the government failed to prove that the victim was not his wife.

Admittedly, trial counsel did not ask the victim whether or not she was the wife of appellant. However, we, like the military judge who was the trier of fact, are convinced beyond a reasonable doubt of the "factual existence of each element" of the two offenses. *United States v. Guilford,* 8 M.J. 598, 600 (A.C.M.R.1979), *petition denied,* 8 M.J. 242 (C.M.A.1980).

The victim's uncontroverted testimony provides ample proof that she was not the wife of the appellant. The victim, Private First Class B, testified that she was sleeping in her barracks room when awakened by someone attempting to pull her pants down. The hour was approximately 4:10 a.m. She screamed, scrambled out of her bed, and ran into the hall. While pounding on the door of another soldier's room to get help, she saw the appellant, *au naturel,* hurriedly leave her room with his clothes in hand and run down the hall. Private First Class B was familiar with the appellant's appearance, at least his facial features, his "large head," and his "very stocky" build, since she and the appellant were in the same unit and had on occasion worked together. Further, the appellant's and Private First Class B's rooms were at opposite ends of the same hall.

Prior to the assault, Private First Class B had left the door to her room unlocked in order to allow a female friend to wake her the next morning. She did not give the appellant permission to enter her room, nor did she consent to his touching her or attempting to remove her pants. She was certain that it was the appellant who assaulted her.

■ There was no direct evidence that Private First Class B and appellant were not married. But based on Private First

Class B's testimony and the other evidence of record, there is sufficient circumstantial evidence to prove that Private First Class B was not the wife of the appellant.

■ Determining what evidence was necessary to prove the charged offenses may have caused the trial counsel some confusion. It is not an element of burglary that the victim is not the husband or wife of the perpetrator. However, it is an essential element of burglary that at the time of the unlawful entry the accused intended to commit some other offense. In the instant case the alleged burglary was with the intent to commit rape. This meant that the trier of fact had to be convinced beyond a reasonable doubt that the accused *intended* each element of rape at the time of the burglary. The same is true where, as here, the charged offenses include assault with intent to commit rape. The fact finder must be convinced that the accused specifically intended to rape the victim at the time of the assault.[1] If the case were being tried before court members, the military judge would be required to include in his instructions on findings the elements of the allegedly intended rape.

Thus, when the government has the burden of proving the intent to commit a separate offense as an element of the offense charged, the trial counsel should be thoroughly familiar with the elements of both offenses. Also, in cases where the intent to commit a separate offense is an essential element of the alleged offense, the trial counsel, in preparing for trial, should review the pertinent instructions on the elements of offenses in the Military Judges' Benchbook.[2] This review will assist counsel in assuring that the evidence needed to prove an essential element is not inadvertently omitted.

■ The remaining assignment of error is one of particular concern to this court. Our concern stems both from the nature of the error and the increasing frequency with which it is being raised at the appellate level. The appellant asserts that his trial defense counsel was ineffective in not informing the convening authority of the military judge's recommendation that a portion of the sentence be suspended.[3] Appellate government counsel agrees that the recommendation should have been communicated to the convening authority and that, under the rationale of *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985), a new action is required. In *Davis*, this court held that a defense counsel's failure to apprise the convening authority of the military judge's recommendation to suspend the adjudged discharge constituted ineffective assistance of counsel. We find no ground upon which to distinguish the instant case from *Davis*.

■ It is the defense counsel, not the staff judge advocate, who is responsible for informing the convening authority that the sentencing authority recommended that the sentence, or a portion thereof, be suspended. *See United States v. Davis*, 20 M.J. 980, 982–83 (A.C.M.R.), *petition denied*, 21 M.J. 315 (C.M.A.1985). No matter how ably a trial defense counsel represents an accused during trial, he or she remains subject to challenge for a breach of professional competence after the trial. While "[i]neffective assistance of counsel is not an allegation which implies professional derelictions of a minor nature," *United States v. McClelland*, 25 M.J. 903, 904, ACMR 8701012, slip op. at 2 (A.C.M.R. 4 Mar. 1988), defense counsel's post-trial representation may be so flawed that there is a " 'reasonable probability' of outcome-determinative prejudice." *Davis*, 20 M.J. at 1018. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

---

1. However, proof that a rape occurred or was committed by the accused is not required where the averred offense includes the allegation that it was effected "with *the intent* to commit rape."

2. Department of the Army Pamphlet 27–9 (May 1982).

3. Although the issue of ineffective assistance of counsel is being raised more often before this court, it is a credit to the professionalism and superb advocacy of Army defense counsel that seldom is the issue meritorious.

■ With regard to the allegation that trial defense counsel was ineffective in his post-trial representation, we note the strong mitigation evidence introduced during the sentencing phase of the appellant's trial. The measure of defense counsel's effectiveness at this stage was the military judge's recommendation for suspended confinement. After the judge had sentenced the appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of Private E–1, he recommended the convening authority suspend for one year the confinement in excess of two years. The convening authority was not informed of the judge's recommendation and approved the sentence as adjudged.[4] Although a clemency petition was submitted to the convening authority, no mention was made of the military judge's recommended suspension. If this were a conscious omission by the defense counsel, its tactical soundness escapes us.

■ Under these circumstances, we hold the defense counsel's post-trial failure materially prejudiced a substantial right of the appellant. UCMJ, art. 59(a), 10 U.S.C. § 859(a) (1982). Therefore, waiver is inoperable. Had the convening authority been informed of the military judge's recommendation, we believe there is a "reasonable probability" that he would have suspended one year of the appellant's confinement. Since we do not have the power to suspend and since we are not convinced that the term of confinement is inappropriate, we will return this case to the convening authority.

■ In our view, a convening authority normally cannot fulfill the responsibility of individualized sentence consideration when not informed of the sentencing authority's recommendation for clemency. While it is the trial defense counsel's duty to so inform the convening authority, we reiterate the advice Senior Judge De Giulio gave to

staff judge advocates in an earlier case. "[P]rudent staff judge advocates may be well advised to include in their [post-trial] recommendation a military judge's suspension recommendation, even though its inclusion is *not* required ..." *United States v. Peek*, 24 M.J. 750, 751 n. 3 (A.C.M.R.), *review denied*, 26 M.J. 80 (C.M.A.1988). To this advice we would now add that staff judge advocates *would* be well advised to include a military judge's clemency recommendation in their post-trial recommendations. Because, although the error may be that of trial defense counsel, it is staff judge advocates who prepare new post-trial recommendations.

The action of the convening authority, dated 3 September 1987, is set aside. The record of trial is returned to The Judge Advocate General for new proceedings under the provisions of Article 60, UCMJ, 10 U.S.C. § 860, and Rules for Courts–Martial 1105 and 1106,[5] as well as a new review and action by the same or a different convening authority.

Chief Judge HOLDAWAY concurs.

De GIULIO, Senior Judge, concurring in part and dissenting in part:

I concur with the part of the opinion holding that the evidence was sufficient to sustain the findings of guilty. My quarrel is with the apparent holding that trial defense counsel was ineffective.

Appellant was tried by a military judge sitting as a general court-martial. Contrary to his pleas, he was found guilty of burglary and assault with intent to commit rape. He was sentenced to a dishonorable discharge, confinement for three years, total forfeitures, and reduction to Private E–1. For reasons unexplained in the record, the military judge recommended that the convening authority suspend for one year confinement in excess of two years. The staff judge advocate's post-tri-

---

4. Unlike our dissenting brother, we decline to presume on a silent record that the staff judge advocate orally informed the convening authority of the military judge's clemency recommendation.

5. Manual for Courts–Martial, United States, 1984.

al recommendation did not inform the convening authority of the military judge's recommendation. The convening authority approved the sentence but, as was his prerogative, did not suspend the sentence as recommended. The defense counsel submitted matters under the provisions of Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1105 and 1106(f)(2) [hereinafter R.C.M.]. He did not include the military judge's recommendation for suspension of part of the sentence. *See* R.C.M. 1105(b)(4) and R.C.M. 1106(f)(4). Of course, failure to submit or respond in a timely manner waives the right to submit such matters or a later claim of error with regard to such matters in absence of plain error. R.C.M. 1105(d)(1) and (2); 1106(f)(6). As has become common practice, it is the attempt to avoid the waiver rule that results in the allegation of ineffective assistance of counsel. In *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985), this court held that trial defense counsel's failure to notify the convening authority of a trial judge's recommendation of suspension deprived the accused of effective assistance of counsel. Subsequently, this court stated, however,

> [I]n retrospect, that decision [*Davis*] may not be applicable in every case because it assumes the convening authority does not know of the trial judge's recommendation. We are aware that it is common practice for Army staff judge advocates to present the record of trial to the convening authority with their recommendation and to brief the convening authority on its contents. Generally, we believe the convening authority is informed of the military judge's recommendation.

*Peek*, 24 M.J. at 751 n. 3.

In addition to my belief that convening authorities are generally made aware of a military judge's recommendation of suspension, I believe the focus should be on the overall performance of counsel and the circumstances in a particular case to determine if his "errors were so serious as to deprive defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the case *sub judice*, trial defense counsel

successfully moved to have the offenses considered multiplicious for sentencing purposes, entered pleas of not guilty, cross-examined witnesses, lodged objections to evidence (some of which were sustained), moved for a finding of not guilty, and presented evidence both on findings and sentence. Subsequent to trial, defense counsel submitted matters under the provisions of R.C.M. 1105 and 1106 to the convening authority which included a statement by appellant requesting the convening authority reinstate his pay so he could support his daughter. Indeed, appellant himself must not have considered approval of the military judge's suspension recommendation as a reasonable possibility because he did not mention it in his request for clemency.

In determining the seriousness of the error, I believe we must also consider the facts of this case. During the night time, appellant, without consent, entered the barracks room of a female soldier while she was asleep. He removed all his clothes and attempted to pull her pants down. She awoke upon being touched, screamed, and ran for help. Appellant fled carrying his clothing. His unsuccessful defense was alibi, that he was elsewhere and could not have committed the offense. Such an offense strikes of the very heart of good order and discipline as it relates to female soldiers. Just imagine what the morale of female soldiers would be if they did not feel secure from sexual attacks while they were sleeping in their barracks. Under the circumstances of this case, I am not surprised the convening authority did not follow the military judge's recommendation. This seems especially true since the maximum punishment for the offense includes a dishonorable discharge and confinement for twenty years.

Under these circumstances, I find it difficult to believe that we would select one aspect of trial defense counsel's performance and term him as ineffective for failure to notify the convening authority that the military judge recommended suspending a part of the sentence. As we stated in

*United States v. Guerrero,* 25 M.J. 829, 830–31 (A.C.M.R.1988).

[T]he appellant attempts to avoid waiver by claiming "ineffective assistance of counsel" in that counsel failed to raise the issue at trial. The remedy sought is permission to raise the issue on appeal. That cannot be permitted. A counsel who fails to raise a legitimate issue at trial will often be inadequate *as to that particular issue.* However, such a failure is not *per se* inadequate representation. *See United States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987) (an accused is entitled to a reasonably competent counsel, and an allegation of ineffectiveness requires a showing of serious incompetency). More is required. An appellant must show that the representation considered as a whole was so seriously deficient as to deny him effective counsel within the meaning of the sixth amendment. *See generally Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). If we were to apply a lesser standard and apply it episodically to non-critical issues then we would, in effect, entirely emasculate the rules of waiver. Waiver is a salutary principle that, when appropriately applied, imposes responsibility on the defense bar. We decline to weaken it in the manner requested by appellant.

Applying the *Strickland* standard to the case before us, I do not believe counsel's failure to notify the convening authority of the military judge's recommendation was such a serious deficiency as to deprive appellant of effective assistance of counsel. I would affirm the findings of guilty and the sentence.