**UNITED STATES**

v.

**Clark A. McLEMORE, 493 80 2004,
Lance Corporal (E-3), U.S.
Marine Corps.**

**NMCM 88 5141.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 4 Nov. 1988.

Decided 31 Jan. 1990.

Reconsideration Denied 3 March 1990.

Lt. Cdr. Susan K. Milliken, JAGC, USN,
Appellate Defense Counsel.

Maj. Rose M. Howe, USMC, Appellate
Government Counsel.

Lt. Robert A. Kemins, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge,
and STRICKLAND and RUBENS, JJ.

STRICKLAND, Judge:

In accordance with his pleas, appellant was found guilty of one specification of unauthorized absence for a period of twenty-one days and two specifications of use of methamphetamines in violation of Articles 86 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 912a, respectively. The military judge, sitting alone as a special court-martial, sentenced appellant to a bad-conduct discharge, confinement for three months, forfeiture of $400.00 pay per month for three months, and reduction to pay grade E-1. The convening authority disapproved all confinement in excess of sixty days, but approved the remainder of the sentence in accordance with the terms of the pretrial agreement.

Immediately after announcing the sentence at trial, the military judge stated "[t]he court recommends that the convening authority consider sending Lance Corporal McLemore to Level III drug and alcohol treatment and suspend the confinement, as well as the BCD. That's the recommendation, that the convening authority consider that." With respect to this recommendation, appellant has raised a single assignment of error on appeal.

THE STAFF JUDGE ADVOCATE'S RECOMMENDATION TO THE CONVENING AUTHORITY WAS INADEQUATE AND PREJUDICIAL TO APPELLANT IN THAT IT FAILED TO DISCUSS THE MILITARY JUDGE'S CLEMENCY RECOMMENDATION.

We have considered the briefs of counsel and have heard oral argument. Appellant asserts that the staff judge advocate's failure to inform the convening authority of the military judge's recommendation was error and urges this Court to adopt a rule requiring that such a recommendation be included in the staff judge advocate's or legal officer's recommendation to the convening authority. Appellant contends that this rule is necessary since the convening

authority is not required to read the record of trial and, in order to make an informed decision, must have complete, accurate and impartial information concerning the results of the court-martial.

The Government contends that it is the burden of the trial defense counsel to submit a clemency recommendation by the military judge to the convening authority pursuant to Rule for Courts–Martial (R.C.M.) 1105(b)(4), Manual for Courts–Martial (MCM), United States, 1984, and that a failure to do so, or to allege error in the staff judge advocate's R.C.M. 1106 recommendation for omitting this information, waives the right to submit such matters. The Government further asserts that the failure of trial defense counsel to submit the military judge's clemency recommendation to the convening authority was not ineffective assistance of counsel in this case since it would not have had any effect on the convening authority's action.

R.C.M. 1106(d)(3) sets forth the information *required* to be included in the staff judge advocate's or legal officer's recommendation to the convening authority. Although the "sentence adjudged by the court-martial" is a required item, the rule does not specifically address a suspension recommendation by the military judge or members. R.C.M. 1105(b) sets forth matters which *may* be submitted by the accused and among those are "clemency recommendations by any member, the military judge, or any other person."[1] In addition, R.C.M. 1105(d)(1) provides that the failure to submit matters under this rule waives such right.

The Army Court of Military Review relied on these provisions in holding that it is the defense counsel, not the staff judge advocate, who is responsible for informing the convening authority of any clemency recommendation by the sentencing authority and that it is not error for the staff judge advocate's recommendation to omit such matters. *See United States v. Rich,* 26 M.J. 518 (ACMR 1988); *United States v. Davis,* 20 M.J. 1015 (ACMR 1985).[2] The Court in *Rich,* however, cautioned that prudent staff judge advocates "*would* be well advised to include a military judge's clemency recommendation in their post-trial recommendations." *Rich* at 521.

Support for the proposition that the staff judge advocate's or legal officer's recommendation should include any clemency recommendation by the sentencing authority is found in JAGMAN § 0145c, which states that the recommendation shall be as prescribed in R.C.M. 1106 and may be submitted in a form similar to that contained in the Appendix.[3] This form specifically includes any clemency recommendation by the court or the military judge. Including such a clemency recommendation would aid in fulfilling the purpose of the recommendation of the staff judge advocate or legal officer to assist the convening authority, in the exercise of command prerogative, to determine the appropriate action to take on the sentence. R.C.M. 1106(d)(1). Omission of this matter will ordinarily cause the commander to make an uninformed decision. This is particularly true since there is no longer a requirement that the convening authority read the record of trial and we can therefore no longer presume that his action has contemplated all of the matters contained therein. *Cf. United States v. Ringor,* 3 M.J. 1104 (NCMR 1977). We believe that the staff judge advocate, as the commander's chief staff officer for legal matters, is obligated to provide the

---

**1.** We find the listing of suspension recommendations under R.C.M. 1105, however, as illustrative of matters which *may* be included rather than a determination of the responsibility for presenting such information. The trial defense counsel may repeat, and thereby emphasize, information in his post-trial submissions which the staff judge advocate must include in his R.C.M. 1106 recommendation. *See* R.C.M. 1105(b)(2) (the defense counsel may attach portions or summaries of documentary evidence offered at trial) and R.C.M. 1106(f)(4) (counsel for the accused may comment on any matter).

**2.** In each of these cases, however, the Court held that it was ineffective assistance for the trial defense counsel to fail to submit a clemency recommendation made by the sentencing authority and the records of trial were returned for new actions by the convening authorities.

**3.** JAGMAN Appendix A–1–x.

commander with the necessary information to allow the commander to make an informed decision.

This case presents a conflict between the trial defense counsel and the staff judge advocate as to who has the duty to advise the convening authority of a clemency recommendation when, in reality, there should be a common interest in ensuring that the convening authority is properly advised. While we are concerned with trial defense counsel providing effective assistance of counsel, we are likewise concerned with an adequate review and recommendation by the staff judge advocate. With regard to the latter, this is particularly true since, under MCM, 1984, the staff judge advocate's review has essentially become a "pro forma" review which we have recently criticized as being all too often cursory and erroneous. *See, e.g., United States v. Huffman,* 25 M.J. 758 (NMCMR 1987) ("The fact that the post-trial review process was simplified does not mean that it was eliminated.").

How important is the recommendation of the sentencing authority in the convening authority's informed action on sentence? Certainly, in making a clemency recommendation in conjunction with adjudging a sentence, the military judge or members reasonably believe that their recommendation will be passed to and considered by the convening authority. Most often, such a clemency recommendation will be based on matters in the record favorable to the accused. Many times these favorable matters will be in the form of evidence from the accused's command that he or she has potential for rehabilitation. We believe that recommendations of clemency under such circumstances are vitally important to the convening authority, particularly when members of the command have provided input. We presume that the convening authority *does not*, in the majority of cases, read the record of trial and will have no knowledge of such matters unless they are brought to his attention by someone prior to taking action. It is critical to the accused that a clemency recommendation be considered by the convening authority since, as the Court of Military Appeals has

noted, "[i]t is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence." *United States v. Wilson,* 9 U.S.C.M.A. 223, 226, 26 C.M.R. 3, 6 (1958).

In this case, the trial defense counsel presented extensive evidence concerning appellant's rehabilitative potential. A Gunnery Sergeant for whom appellant had worked for two years testified that appellant was an outstanding surveyor who is intelligent, hard working and a good man to have on the team. He was of the opinion that appellant has potential for further service if appellant could rid himself of his drug problem. A First Lieutenant testified that appellant had a long standing problem with alcohol and drugs but was never given any treatment for these problems. The Lieutenant testified that he would serve in combat with appellant if these problems could be resolved. A Staff Sergeant testified that appellant was an outstanding Marine. The Staff Sergeant had consulted the substance abuse counselor concerning appellant's problems and level III treatment had been recommended. This recommendation was passed to the command but nothing was done. The Staff Sergeant also felt the appellant had good potential if his drug problem could be overcome.

It is apparent to us that the foregoing evidence formed the basis for the military judge's clemency recommendation. It is also apparent, however, that this evidence was probably not considered by the convening authority prior to taking his action. Despite the fact that appellant had a prior nonjudicial punishment for drug use and that he was convicted of two additional instances of drug use at trial, we are unwilling to speculate that the military judge's recommendation, based on the favorable evidence presented, would not have affected the action by the convening authority. *Cf. United States v. Craig,* 28 M.J. 321 (C.M.A.1989); *United States v. Hill,* 27 M.J. 293 (C.M.A.1988).

Under the circumstances of this case, we hold that the combination of the trial de-

**608**

fense counsel's failure to include the military judge's recommendation in his R.C.M. 1105 or 1106 submissions and the staff judge advocate's failure to provide the convening authority with this information in the staff judge advocate's recommendation has resulted in plain error. We do not place the entire burden on the trial defense counsel to advise the convening authority of a clemency recommendation by the sentencing authority because this would only encourage cursory staff judge advocate reviews. We stop short of establishing a *per se* rule as to inclusion of the sentencing authority's clemency recommendation in the staff judge advocate's advice to the convening authority. However, we caution that we will not speculate concerning the effect such recommendations would have on the convening authority's action. Consequently, we envision few instances where their omission would not result in plain error. *But see United States v. Barrow,* No. 89–1190 (NMCMR 29 August 1989).

The convening authority's action is set aside and the case is returned for a new review and advice by the staff judge advocate, consistent with our opinion herein, followed by a new convening authority's action.

Senior Judge ALBERTSON and Judge RUBENS concur.