**UNITED STATES**

v.

**Corey D. STRANGE, 458 37 7951, Private (E–1), U.S. Marine Corps.**

**NMCM 96 00575.**

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 26 April 1995.

Decided 22 Jan. 1997.

Maj Albert Diaz, USMCR, Appellate Defense Counsel.

Maj W.H. Borden, USMCR, Appellate Government Counsel.

Maj Stephen Finn, USMC, Appellate Government Counsel.

Before KEATING and CLARK, Senior Judges, and OLIVER, J.

OLIVER, Judge:

A special court-martial consisting of a military judge alone convicted the appellant, pursuant to his pleas, of conspiracy to distribute crack cocaine, disrespect toward a superior staff noncommissioned officer, and wrongful distribution of cocaine in violation of Articles 81, 91, and 112a of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 891, and 912a (1994), respectively. The military judge adjudged a sentence of 180 days confinement,

forfeiture of $500.00 pay per month for 6 months, and a bad-conduct discharge.

We have examined the record of trial, the two assignments of error,[1] and the Government's response thereto. We have concluded that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

## I

The appellant first contends that the staff judge advocate committed plain error by failing to call the attention of the convening authority to a clemency recommendation the military judge made during the trial. After announcing the sentence, the military judge stated:

MJ: At this point, I don't know if you've been cooperative with the Naval Criminal Investigative Service or not. However, it's my recommendation to the convening authority that he approve only so much of the confinement adjudged by this court that would include confinement for a period of 150 days should you cooperate with the Naval Criminal Investigative Service, and provide them with information dealing with those that you know and are associated with who are involved in the distribution and use of illegal substances here in the Marine Corps. Do you understand that?

ACC: Yes, sir.

MJ: Now mind you, it's nothing more than a recommendation and the convening authority does not have to take my recommendation. But should you cooperate fully with the Naval Criminal Investigative Service, it would go a long way in showing that you do in fact have some type of rehabilitative potential. Do you understand that?

ACC: Yes, sir.

Record at 48–49. Shortly thereafter the military judge adjourned the court-martial. The staff judge advocate's recommendation (SJAR) mistakenly included a statement that the military judge had made no clemency recommendation. Letter of W.M. Brown, Jr., Staff Judge Advocate, No. 5813, Serial No. DB060–95 SJA/MS/TT 2, ¶ 1c (12 Jan. 1996)(located in record of trial).

 Proper advice on any "recommendation for clemency by the sentencing authority, made in conjunction with the announced sentence," is mandatory under Rule for Courts–Martial 1106(d)(3)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.]. However, we note that the trial defense counsel failed to point out this error in his response to the SJAR under R.C.M. 1106(f)(4). His failure to do so constitutes a waiver unless the mistake amounts to "plain error." *United States v. Drayton*, 40 M.J. 447, 448 (C.M.A.1994). In addition, the recommendation for clemency was obviously conditioned on the appellant's cooperation with law enforcement authorities. In his brief, the appellate defense counsel represents that he contacted the trial defense counsel who stated that his client affirmatively opted not to satisfy this precondition. Brief and Assignments of Error on Behalf of Appellant, at 2, n.2.

Under the rationale expressed in *United States v. Clear*, 34 M.J. 129, 132–33 (C.M.A. 1992), a failure to bring the military judge's clemency recommendation to the attention of the convening authority would normally be plain error and grounds for a remand. *See United States v. McLemore*, 30 M.J. 605, 608 (N.M.C.M.R.1990). However, we believe that the subsequent Supreme Court decision in *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993), requires us to make a more searching

1. I. THE STAFF JUDGE ADVOCATE COMMITTED PLAIN ERROR BY FAILING TO CALL THE CONVENING AUTHORITY'S ATTENTION TO THE MILITARY JUDGE'S CLEMENCY RECOMMENDATION.

II. THE RECORD OF TRIAL SHOULD BE RETURNED TO THE CONVENING AUTHORITY TO DETERMINE WHETHER THE FINDINGS WITH RESPECT TO CHARGES II & III WERE PROPERLY ENTERED BY THE MILITARY JUDGE.

inquiry as to whether the plain error has had any prejudicial impact on the substantial rights of the appellant.[2] Since we find no such impact on the facts of this case, we determine that the appellant is not entitled to any relief. *See United States v. Ruiz,* 30 M.J. 867, 869–70 (N.M.C.M.R.1990)(holding that plain error requires a showing of prejudice). After reviewing the entire record, we are convinced that the convening authority would not have been more inclined to exercise his clemency powers had this error not appeared in the SJAR. *See United States v. Hill,* 27 M.J. 293, 296 (C.M.A.), *aff'd on motion to reconsider,* 27 M.J. 411 (C.M.A. 1988). This assignment of error is without merit.

## II

 The appellant next contends that there is some question as to whether the military judge entered the proper findings with respect to Charges II and III and the Specifications thereunder. He requests that we return the record to the convening authority for corrective action or obtain a certificate of correction from the military judge. We decline to do either.

We have no difficulty concluding, as did the trial counsel, the staff judge advocate, and the convening authority, that the military judge entered the findings with respect to these Charges in accordance with the appellant's pleas and the providence inquiry which supported those pleas. There is a typographical error on the page in which the military judge announces his findings of guilty with respect to Charge III. This should read, "Of Charge II[I] and the single specification thereunder: Guilty." Record at 40. We see no need to take any further action to correct this error, which the trial defense counsel failed to identify and which did not mislead or prejudice the appellant in any way. We conclude that this assignment of error is without merit.

2. Even if analyzed under *Clear* and *McLemore,* we would not find remand appropriate in the instant case because of the conditional nature of the recommendation and the affirmative repre-

Accordingly, we affirm the findings and the sentence, as approved on review below.

Senior Judge KEATING and Senior Judge CLARK concur.

sentation in the record that the appellant did not wish to cooperate with law enforcement authorities.