UNITED STATES

v.

**Staff Sergeant Earl P. CLEAR, FR 114–58–4911, United States Air Force.**

**ACM 28740.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 June 1990.

Decided 15 Jan. 1991.

Appellate Counsel for the Appellant: Major Ronald G. Morgan and Major George P. Clark.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr.; Major Brenda J. Hollis and Captain Thomas E. Wand.

Before MURDOCK, KASTL and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

KASTL, Senior Judge:

Several years ago, one activist general court-martial jurisdiction (which we will not further identify) urged its base-level staff judge advocates to produce error-free work. Base-level personnel had the last laugh, however: the general court-martial jurisdiction had warned them using these words: "we won't say it again—pay greater attenion [sic] to detail."

This is a case where "attenion to detail" could have avoided a great deal of needless busywork.

Staff Sergeant Clear was tried by a general court-martial, military judge alone, for conspiracy to commit larceny and larceny, violations of Articles 81 and 121, UCMJ, 10 U.S.C. §§ 881, 921. His sentence is a bad conduct discharge, confinement for eight months, forfeitures of $150.00 per month for eight months, and reduction to airman basic.

Clear was a Security Police noncommissioned officer assigned to Operation Just Cause in the Republic of Panama. During deployment, and while guarding various buildings at Tocumen Airport in Panama City, he conspired with several other security policemen to steal a stereo and its components from a warehouse. He then stole these items.

Various extenuating factors were advanced by the appellant. He claimed that everyone (including officers) was taking things as "spoils of war;" that he had been exposed to direct sniper fire; that he was working long, stressful hours; and that he had been going through a bad divorce. He also pointed to his prior unblemished record.

On the other hand, as the prosecution noted in final sentencing argument, Clear should not escape punishment because he was in a combat setting. Moreover, the prosecution maintained, he had violated his trust and disgraced himself.

After considering these and other factors, an experienced military judge first sentenced him and then commented that—given his prior "superb" record—the appellant should be confined at the 3320th Corrections and Rehabilitation Squadron at Lowry Air Force Base, Colorado.

The military judge's atypical recommendation for rehabilitation was nowhere mentioned in the Staff Judge Advocate's Recommendations, the defense response to that document or other defense offerings, or the addendum.

The appellate defense brief argues that Sergeant Clear was denied the effective assistance of his counsel when the military judge's recommendation was not brought to the convening authority's attention. The Army Court of Military Review's decision in *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.1985), *pet. denied*, 21 M.J. 315 (C.M.A.1985), is cited as precedent. In *Davis*, the military judge had recommended suspension of the adjudged punitive discharge; the Army Court found the defense counsel's failure to notify the convening authority of that recommendation a crucial omission that undermined confidence in the outcome of the case. Trial defense counsel was found ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Government seeks to distinguish *Davis*, pointing out two factors. First, the military justice cover letter advising the appellant of his right to submit matters to the convening authority notified him, *inter alia*, of the option to submit "clemency

recommendations by ... the military judge...." Second, the Government submitted an affidavit from the trial defense counsel, pointing out that the appellant was: (1) briefed in great detail about the 3320th program of rehabilitation; but (2) declined the opportunity and opted to seek amelioration only in the form of reduced forfeitures or reduction in rank.

We hold that the affidavit of trial defense counsel resolves the assignment of error against the appellant. *See United States v. Scott*, 24 M.J. 186 (C.M.A.1987).* *See also United States v. McLemore*, 30 M.J. 605 (N.M.C.M.R.1990).

To repeat for emphasis: This is a case where "attenion to detail" would have saved a great deal of trouble. Staff judge advocates would do well to highlight unique aspects of a court-martial (such as the recommendation of a veteran military judge for some sort of clemency) for their convening authorities. Concededly, there is nothing specific within R.C.M. 1105 or 1106 mandating such treatment. However, a well-crafted Recommendation can hardly avoid calling attention to a clemency recommendation from the presiding judge. *See McLemore*, 30 M.J. at 608 (strong Navy–Marine gloss on similar situations; "we envision few instances where omission [of significant recommendations] would not result in plain error").

Similarly, trial defense counsel should not risk their professional reputations by permitting such a windfall to pass without underscoring it. If the appellant declines rehabilitation, well and good; but a diligent defense counsel, in our judgment, should always address the matter in post-trial submissions.

The findings of guilty and the sentence are correct in fact and law and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK concurs.

---

Judge MILLS did not participate in this decision.

---

* Although it is not crucial to our decision today, we caution that the alternative explanation offered by the Government—i.e., that the "boiler plate" of a cover letter to the appellant ticking off various options suffices to distinguish *Davis* —does not strike us on first blush as persuasive.