UNITED STATES, Appellee,

v.

Earl P. CLEAR, Staff Sergeant
U.S. Air Force, Appellant.

No. 66,331.
ACM 28740.

U.S. Court of Military Appeals.

Argued Nov. 14, 1991.

Decided March 6, 1992.

For Appellant: *Major Alice M. Kott-myer* (argued); *Colonel Jeffrey R. Owens* and *Major George P. Clark* (on brief).

For Appellee: *Captain Thomas E. Wand* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

*Opinion of the Court*

EVERETT, Senior Judge:

On June 26, 1990, Staff Sergeant Clear was tried at Davis–Monthan Air Force Base, Arizona, by a military judge sitting alone as a general court-martial and, pursuant to his guilty pleas, was convicted of conspiracy to commit larceny and of larceny, in violation of Articles 81 and 121 of the Uniform Code of Military Justice, 10 USC §§ 881 and 921, respectively. The ad-

judged and approved sentence was a bad-conduct discharge, confinement and forfeiture of $150 pay per month for 8 months, and reduction to airman basic.

After the Court of Military Review affirmed the findings and sentence, 32 MJ 658 (1991), we granted review of these two issues:

## I

WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE RECOMMENDATION OF THE COURT WAS NOT BROUGHT TO THE ATTENTION OF THE CONVENING AUTHORITY.

## II

WHETHER THE STAFF JUDGE ADVOCATE'S RECOMMENDATION TO THE CONVENING AUTHORITY WAS INADEQUATE AND PREJUDICIAL TO APPELLANT IN THAT IT FAILED TO DISCUSS THE MILITARY JUDGE'S RECOMMENDATION.

## I

### A

The Court of Military Review summarized the facts as follows:

Clear was a Security Police noncommissioned officer assigned to Operation Just Cause in the Republic of Panama. During deployment, and while guarding various buildings at Tocumen Airport in Panama City, he conspired with several other security policemen to steal a stereo and its components from a warehouse. He then stole these items.

Various extenuating factors were advanced by the appellant. He claimed that everyone (including officers) was taking things as "spoils of war;" that he had been exposed to direct sniper fire; that he was working long, stressful hours; and that he had been going through a bad divorce. He also pointed to his prior unblemished record.

On the other hand, as the prosecution noted in final sentencing argument, Clear should not escape punishment because he was in a combat setting. Moreover, the prosecution maintained, he had violated his trust and disgraced himself. *Id.* at 659.

Having considered the evidence and arguments, the military judge—who was Chief Judge of the Fifth Judicial Circuit of the Air Force and was described by the court below as "experienced" (*id.*)—announced the sentence. Immediately thereafter, he stated:

Now, in view of the previous superb record, Sergeant Clear, the recommendations of supervisors and other NCOs, it's the recommendation of this court that the 3320th Corrections and Rehabilitation Squadron at Lowry Air Force Base, Colorado, be designated as the place of confinement and that Sergeant Clear be afforded an opportunity to earn conditional suspension of the discharge.

Following Clear's court-martial, the staff judge advocate duly informed him of his right to submit matters to the convening authority, and in this statement he specifically mentioned, *inter alia*, providing "Clemency Recommendations by any court member, the military judge, or any other person" and "[y]our desires for retraining and rehabilitation at the 3320th Correctional Rehabilitation Squadron...."

Later, the staff judge advocate served his post-trial recommendation to the convening authority on appellant's defense counsel. Therein he stated:

I find no reason to recommend clemency in this case.

I recommend the adjudged sentence be approved, and except for the bad conduct discharge, be ordered executed. I recommend that the 3320 CRS Centralized Confinement System be designated for the purpose of confinement.

In responding to the staff judge advocate's recommendation, defense counsel stated that Clear would submit matters under RCM 1105, Manual for Courts-Martial, United States, 1984, but that he did not

intend to submit any response to the recommendation under RCM 1106. Subsequently, appellant did submit a clemency request, which urged that he be reduced only to the grade of airman first class and that the sentence to forfeitures be disapproved. Furthermore, after stating that he had two children from a previous marriage and two children from his more recent marriage, who ranged in age from 2 to 10 years old and that his court-ordered child-support obligation was $771.00 per month, Clear requested that his sentence to confinement be reduced to ease the financial and mental stress upon his family.

Letters also were submitted by three of Clear's supervisors, all of whom described him as an outstanding noncommissioned officer. CMSgt Norton "recommend[ed] clemency of forfeiture of pay only." SMSgt Grane "recommend[ed] clemency on forfeiture of pay and reduction in rank only." Capt. Summerlin (the squadron commander) also "recommend[ed] clemency on the forfeiture of pay" and that "he be reduced [only] to Airman First Class." All predicated their clemency recommendations on the hardship to Clear's family.

In his addendum to his post-trial recommendation to the convening authority, the staff judge advocate—after stating that he had "carefully considered all matters in extenuation and mitigation submitted by the accused at and after trial"—adhered to his initial recommendation.

This appeal arises because the military judge's recommendation was never mentioned in the staff judge advocate's recommendation, in the addendum thereto, or in any of the clemency matters submitted by Clear.

### B

In the Court of Military Review, appellate defense counsel—relying on *United States v. Davis*, 20 MJ 1015 (ACMR), *pet. denied*, 21 MJ 315 (1985)—claimed that Clear's trial defense counsel had given ineffective assistance because he failed to bring the military judge's recommendation to the convening authority's attention.

However, apparently no contention was made in the court below that the staff judge advocate had an independent duty to bring the judge's recommendation to the attention of the convening authority, as had been held in *United States v. McLemore*, 30 MJ 605 (NMCMR 1990).

In response to the ineffective-assistance-of-counsel contention, appellate government counsel obtained from trial defense counsel an affidavit which stated:

On 14 November 1990, I received Captain Thomas E. Wand's letter informing me of Clear's allegations. Clear was properly briefed about the 3320th and informed me that he did not wish to attend the program. Prior to trial I informed Clear of the program at the 3320th Correction and Rehabilitation Squadron (3320th CRS) and the possible suspension of any discharge. I provided Clear a copy of an article on the 3320th CRS. I offered him the opportunity to call the 3320th CRS to obtain additional information. Immediately after trial, while sitting in the Court Room, I told Clear that the recommendation of the military judge meant that Clear would have an excellent chance at the 3320th CRS and the possible suspension of any discharge. The following day and on at least one other occasion, I spoke to Clear about clemency. On those occasions, Clear informed me that he did not want to attend the 3320th CRS but did want to ask for other clemency. Based upon Clear's decision, I did not ask for the 3320th CRS on his behalf.

In turn, the Court of Military Review held "that the affidavit ... resolves the assignment of error against the appellant." The court did not discuss whether the staff judge advocate had prejudicially erred by failing to mention the judge's recommendation. However, citing *McLemore*, it observed that "a well-crafted Recommendation can hardly avoid calling attention to a clemency recommendation from the presiding judge." 32 MJ at 660.

## II

### A

■ Even as to Clear's ineffective-assistance claim, we are not fully persuaded by the holding of the court below. The decision of an "experienced" military judge to recommend clemency of one kind is a circumstance that may also predispose a convening authority towards granting clemency of some other type. Thus, even if—as trial defense counsel asserts—Clear did not want the type of clemency recommended by the judge, a defense counsel usually would still be well advised to bring the judge's recommendation to the convening authority's attention in connection with seeking some other kind of clemency.

■ The Government has suggested that a convening authority who has been advised of the military judge's recommendation and then has been informed that the accused does not want the recommended clemency may become very unfavorable to the accused. We cannot deny that this possibility exists; and if trial defense counsel made a conscious decision that the risk created by calling attention to this fact outweighed any possible gain for his client, we would not second guess him. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defense counsel must be granted some leeway to make tactical decisions.

We note, however, that the affidavit itself does not present any such justification for not calling the military judge's recommendation to the convening authority's attention. Thus, as the record now stands, it inadequately supports the apparent rationale of the court below that trial defense counsel was merely attempting to implement a choice made by the client.

### B

■ Regardless of the responsibility of trial defense counsel under RCM 1105, we are persuaded by the rationale of *McLemore* that generally it will be "plain error" for the staff judge advocate to fail to call the convening authority's attention to a clemency recommendation made at the time of sentencing by the military judge who has adjudged the sentence. 30 MJ at 607–08.

We recognize that in *McLemore* the Navy–Marine Corps Court of Military Review referred to a provision of the Navy Judge Advocate General's Manual which contains a form that "specifically includes any clemency recommendation by the court or the military judge." *See* 30 MJ at 606. However, from the subsequent discussion in the opinion, we infer that *McLemore* was concerned primarily with assuring that a convening authority have adequate information to perform the clemency responsibilities with which Congress entrusted him.

In this vein, the Navy–Marine Corps Court of Military Review stated:

This case presents a conflict between the trial defense counsel and the staff judge advocate as to who has the duty to advise the convening authority of a clemency recommendation when, in reality, there should be a common interest in ensuring that the convening authority is properly advised. While we are concerned with trial defense counsel providing effective assistance of counsel, we are likewise concerned with an adequate review and recommendation by the staff judge advocate. With regard to the latter, this is particularly true since, under MCM, 1984, the staff judge advocate's review [sic] has essentially become a "pro forma" review which we have recently criticized as being all too often cursory and erroneous. *See, e.g., United States v. Huffman,* 25 MJ 758 (NMCMR 1987) ("The fact that the post-trial review process was simplified does not mean that it was eliminated.").

How important is the recommendation of the sentencing authority in the convening authority's informed action on sentence? Certainly, in making a clemency recommendation in conjunction with adjudging a sentence, the military judge or members reasonably believe that their recommendation will be passed to and considered by the convening authority.

Most often, such a clemency recommendation will be based on matters in the record favorable to the accused. Many times these favorable matters will be in the form of evidence from the accused's command that he or she has potential for rehabilitation. We believe that recommendations of clemency under such circumstances are vitally important to the convening authority, particularly when members of the command have provided input. We presume that the convening authority *does not*, in the majority of cases, read the record of trial and will have no knowledge of such matters unless they are brought to his attention by someone prior to taking action. It is critical to the accused that a clemency recommendation be considered by the convening authority since, as the Court of Military Appeals has noted, "[i]t is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence." *United States v. Wilson,* 9 USCMA 223, 226, 26 CMR 3, 6 (1958).

30 MJ at 607. *See United States v. Johnson,* 21 USCMA 270, 45 CMR 44 (1972).

Admittedly, Article 60(d) of the Uniform Code, 10 USC § 860(d) (1986), provides that the staff judge advocate's recommendation "shall include such matters as the President may prescribe by regulation"; and RCM 1106(d)(3)—which prescribes the *"Required contents"* of a staff judge advocate's recommendation—does not "include" information as to clemency recommended by the sentencing judge. Moreover, RCM 1105, which concerns matters that an accused may submit to the convening authority, does specifically mention "[c]lemency recommendations."

Nonetheless, we—and apparently the Navy–Marine Corps Court of Military Review—are persuaded that, sometimes, a staff judge advocate's omission of information of a type not specified in RCM 1106(d) may constitute "plain error." Indeed, to hold otherwise "would only encourage" preparation of "cursory" recommendations, *see* 30 MJ at 608—a result clearly not intended by Congress. Moreover, to advise the convening authority of the sentence adjudged—as required by RCM 1106—without informing him of the concomitant clemency recommendation is almost misleading. Finally, when the clemency recommendation of the military judge is not even mentioned by the staff judge advocate in his recommendation, the omission contravenes the reasonable expectation of the military judge; and also it indirectly disparages the role of the military judge in the military justice system.

At this point, it may be impossible as a practical matter to remedy the effects of the error. Nonetheless, the effort should be made. Therefore, we shall adopt the same remedy that was employed in *McLemore.\** *See* 30 MJ at 608.

### III

The decision of the United States Air Force Court of Military Review and the convening authority's action are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to a convening authority for a new recommendation by the staff judge advocate and a new action by the convening authority.

Judges CRAWFORD, GIERKE, and WISS did not participate.

SULLIVAN, Chief Judge (concurring):

I agree plain error occurred in this case. RCM 1106(d), Manual for Courts–Martial, United States, 1984, states:

(d) *Form and content of recommendation.*

(1) *In general.* The purpose of the recommendation of the staff judge advocate or legal officer is to assist the con-

---

\* *But see United States v. Rich,* 26 MJ 518, 520 (ACMR 1988), and *United States v. Davis,* 20 MJ 1015 (ACMR 1985).

vening authority to decide what action to take on the sentence in the exercise of command prerogative. The staff judge advocate or legal officer shall use the record of trial in the preparation of the recommendation.

(2) *Form.* The recommendation of the staff judge advocate or legal officer shall be a concise written communication.

(3) *Required contents.* Except as provided in subsection (e) of this rule, *the recommendation of the staff judge advocate* or legal officer *shall include concise information as to:*

(A) *The findings and sentence adjudged by the court-martial;*

(B) A summary of the accused's service record, to include length and character of service, awards and decorations received, and any records of nonjudicial punishment and previous convictions;

(C) A statement of the nature and duration of any pretrial restraint;

(D) If there is a pretrial agreement, a statement of any action the convening authority is obligated to take under the agreement or a statement of the reasons why the convening authority is not obligated to take specific action under the agreement; and

(E) A specific recommendation as to the action to be taken by the convening authority on the sentence.

(Emphasis added.)

Brevity of expression does not contemplate omission of essential matters related to the adjudged sentence. A recommendation for clemency by a court-martial at trial (*cf.* RCM 1105(b)(4)) has long been considered such a matter. *See* W. Winthrop, *Military Law and Precedents* 178, 443 (2d ed. 1920 Reprint). In this light, I agree that its omission from the post-trial recommendation of the staff judge advocate was plain error. Art. 60(d), Uniform Code of Military Justice, 10 USC § 860(d) (1986). *See generally United States v. Craig,* 28 MJ 321, 325 (CMA 1989).

COX, Judge (dissenting):

I agree with Chief Judge Sullivan's concurring opinion that the convening authority must be told about the military judge's clemency recommendation. However, the exception proves the rule.

Here, appellant did not want to dedicate himself to the rigors of retraining and rehabilitating himself. Had the staff judge advocate told the convening authority about the recommendation, defense counsel would have been between the proverbial "rock and a hard place." If he tells the convening authority his client does not want to participate in an effort to restore him to duty, he is not likely to receive clemency. If he does not tell the convening authority that his client is unwilling to pay the price of being rehabilitated, then the convening authority might follow the judge's recommendation.

Accordingly, under the unique facts of this case, I would affirm. However, in the future, the better practice would be for the staff judge advocate, the defense counsel, and the accused to place a written agreement into the record memorializing the reasons why the clemency recommendation has been omitted.