**UNITED STATES, Appellee**

v.

**Specialist Thomas L. LATIMER, 249–61–7756, United States Army, Appellant**

**ACMR 9102858.**

U.S. Army Court of Military Review.

3 Sept. 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Pursuant to his pleas, the appellant was convicted of attempted larceny, two specifications of wrongful appropriation, and two specifications of larceny, in violation of Articles 80 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 921 (1982). Because of multiplicity, the military judge, after announcing findings, immediately dismissed the two specifications of wrongful appropriation.[1] The military judge, sitting as a general court-martial, sentenced the appellant to a dishonorable discharge, confinement for thirty months, forfeiture of all pay and allowances, reduction to Private E1, and to pay a fine of $1500.00. The convening authority approved the sentence as adjudged; however, in compliance with the terms of a pretrial agreement, he suspended for one year the confinement and forfeitures in excess of eighteen months, and the fine.

The appellant asserts one error with regard to the post-trial processing of this case:

THE STAFF JUDGE ADVOCATE'S POST-TRIAL RECOMMENDATION IS DEFECTIVE BECAUSE IT DOES NOT ADVISE THE CONVENING AUTHORITY OF THE MILITARY JUDGE'S RECOMMENDATION.

We must decide if a new recommendation and action is required in this case. In light of *United States v. Clear*, 34 M.J. 129

---

1. The facts, as related by the appellant during the providence inquiry and as agreed to in the stipulation of fact, indicate that the appellant received stolen merchandise from his wife rather than wrongfully appropriating it. The military judge's dismissal of the charges for multiplicity renders moot any issue regarding the providence of these pleas.

**738**

(C.M.A.1992),[2] we will return the record for a new review and action.

Immediately following the announcement of the sentence, the military judge recommended to the convening authority that the fine not be approved if the appellant made restitution for the thefts. The military judge repeated this recommendation just prior to adjourning the court. As a matter of clemency, it went beyond the terms of the pretrial agreement which required the convening authority to *suspend* for one year any adjudged confinement and forfeitures in excess of eighteen months and any fine.

It is undisputed that neither the defense counsel nor the staff judge advocate in his post-trial recommendation informed the convening authority of the military judge's recommendation. The defense counsel submitted extensive clemency materials, but surprisingly failed to mention the military judge's clemency recommendation. The staff judge advocate, while going beyond the requirements of R.C.M. 1106(d)(3)[3] by summarizing the testimony of the extenuation and mitigation witnesses presented by the appellant at trial, also omits any mention of the judge's clemency recommendation. In an affidavit filed with this court, the staff judge advocate asserts that:

> Although I cannot now say for sure, I believe I did discuss the military judge's recommendation with the convening authority. I do recall discussing restitution and the convening authority deciding to suspend the fine.

In *United States v. Clear*, the United States Court of Military Appeals adopted the reasoning of the Navy–Marine Corps Court of Military Review in *United States v. McLemore*, 30 M.J. 605 (N.M.C.M.R. 1990), with regard to a staff judge advocate's responsibility for including favorable recommendations of the sentencing military judge in the post-trial recommenda-

tion. Going beyond the literal requirements of Article 60(d), Uniform Code of Military Justice, 10 U.S.C. § 860(d), and R.C.M. 1106(d)(3), the court in *Clear* held that it is normally "plain error" for a staff judge advocate to omit from the post-trial recommendation a favorable clemency recommendation by a sentencing military judge. *Clear*, 34 M.J. at 133.

■ The appellate government counsel argues, accurately, that *Clear* did not establish a *per se* "plain error" rule. Further, the government argues that there is no plain error in this case because the appellant has not suffered any prejudice since the convening authority suspended the fine for one year with provisions for automatic remission. We do not agree with this reasoning and cannot agree that suspension of the fine is equivalent to disapproval of the fine.[4]

■ While the staff judge advocate *may* have verbally called the military judge's recommendation to the attention of the convening authority, he is not certain if he did. We will insure that the appellant is afforded the benefit of the United States Court of Military Appeals' holding in *Clear*.

■ Finally, while the "plain error" in *Clear* was attributed to the staff judge advocate, we believe that a trial defense counsel continues to bear some responsibility under R.C.M. 1106(f)(1) for insuring that the military judge's recommendation is brought to the convening authority's attention. *See* R.C.M. 1106(f)(1); *United States v. Davis*, 20 M.J. 1015 (A.C.M.R.), *pet. denied*, 21 M.J. 315 (C.M.A.1985).

The action of the convening authority dated 25 March 1992 is set aside. The record of trial will be returned to The Judge Advocate General for a new action by the same or a different convening au-

---

2. *Clear* was decided nineteen days prior to the convening authority taking action in this case.

3. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1106(d)(3).

4. We note that the year suspension expires on 24 March 1993. Under the terms of the pretrial agreement, he remains subject to revocation of that suspension if he commits additional violations of the Uniform Code of Military Justice.

thority in accordance with Article 60(c)–(e), Uniform Code of Military Justice.

Senior Judge JOHNSON and Judge WERNER concur.