U.S. v. Lee

UNITED STATES, Appellee
v.
Philip K. LEE, Staff Sergeant
U.S. Air Force, Appellant
 
No. 99-0002
Crim. App. No. 32773
 
UNITED STATES COURT OF APPEALS FOR THE ARMED
FORCES
Submitted November 9, 1998
Decided May 12, 1999

COX, C.J., delivered the opinion of the
Court in which SULLIVAN, GIERKE, and EFFRON, JJ., joined. CRAWFORD, J.,
filed a dissenting opinion.

Counsel

For Appellant: Colonel Douglas H. Kohrt
and Captain Patience E. Schermer.
For Appellee: Captain Tony R. Roberts.
Military Judge: Mary M. Boone
 
 

This opinion is subject
to editorial correction before publication.

Chief Judge COX delivered the opinion of the
Court.
Appellant has petitioned this Court for a grant
of review, contending that prejudicial error occurred when the staff judge
advocate (SJA) failed to discuss a recommendation by the military judge
that the convening authority waive a portion of the forfeitures. Pursuant
to provident pleas of guilty, appellant was convicted of multiple specifications
of child sexual abuse, in violation of Articles 120, 125, and 134, Uniform
Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively.
He was sentenced by the military judge sitting alone to a dishonorable
discharge, 18 years confinement, total forfeitures, and reduction to pay
grade E-1. After reducing the confinement to 15 years under the terms of
a pretrial agreement, the convening authority otherwise approved the sentence.
The Court of Criminal Appeals affirmed the findings, and the sentence was
approved by the convening authority.
After announcing sentence, the military judge
made the following remarks:

The court would also make a recommendation,
knowing its just in the nature of a recommendation, within approximately
14 days after the Accused goes to confinement, I know hes going to have
total forfeitures anyway, but it would be a recommendation of the court
that the Convening Authority set up some sort of an allotment so that the
payment the Accused is currently paying to support his son be allowed for
the statutory period which is, I believe, 6 months. I guess that was $300
a month. Again, I know its only advisory and its only a recommendation
that the court can make and the Convening Authority has the power to do
that.

There was no mention of this proposal in the SJA's
recommendation or the addendum, and trial defense counsel did not draw
it to the attention of the convening authority in his posttrial submission.
We will grant the petition for review and grant
relief.
In light of this omission, appellant sought
a new recommendation and action when his case was before the Court of Criminal
Appeals. That court held that appellant could not show substantial prejudice
from the error because the military judge was referring to the automatic
forfeitures mandated by the addition of Article 58b, UCMJ, 10 USC §
858b. It reasoned that since appellants crimes all occurred prior to the
date Article 58b became effective, the forfeitures mandated by that provision
could not be imposed. See United States v. Gorski, 47 MJ
470 (1997). Unpub. op. at 2. Additionally, because the sentence in this
case included total forfeitures, Article 58b would not apply. In the view
of the court below there were no forfeitures to waive. Thus, it declined
to grant appellant any relief. Id. at 3.
We conclude that the Court of Criminal Appeals
viewed the recommendation of the military judge too narrowly. While the
military judge mistakenly believed that appellant was subject to forfeiture
of all pay and allowances under Article 58b, the thrust of her recommendation
was to ensure continued financial support for appellants minor child.
Moreover, as noted above, appellants offenses
were committed prior to the effective date of Article 58b. Thus, the convening
authority still had the power to remit or suspend any or all of the adjudged
forfeitures under the clemency powers granted him in Article 60, UCMJ,
10 USC § 860 (1983). Cf. United States v. Cowan, 34
MJ 258 (CMA 1993).
We continue to believe that the convening authority
remains "the accuseds best hope for sentence relief." See United
States v. Bono, 26 MJ 240, 243 n.3 (CMA 1988), citing United
States v. Wilson, 9 USCMA 223, 226, 26 CMR 3, 6 (1958). A recommendation
by a military judge must be brought to the attention of the convening authority
to assist him in considering the action to take on the sentence. United
States v. Clear, 34 MJ 129 (CMA 1992). The President has specifically
directed that an SJA advise the convening authority of such recommendations.
1/
RCM 1106(d)(3)(B), Manual for Courts-Martial, United States (1998 edition).2/
Because the recommendation herein failed in this regard,3/
we conclude that appellant has shown good cause to grant review.
The dissent of our colleague is most troubling
for two reasons.
First, this Court is a court of law. The dissent
does not question that there are errors of law in this case. Rather, she
relies on the proposition that "no convening authority would have changed
the forfeitures based on a hope and a prayer that appellant would send
the money to his ex-wife." We have searched this record of trial and have
found no evidence upon which a court of law would base this conclusion.
Given the wide variety of creative actions we have seen convening authorities
take to assist families of convicted servicemembers, we do not share our
colleague's bald assertion that "no convening authority" would be prepared
to so in the instant case. See 34 MJ at 260.
Second, and perhaps more importantly, our colleague's
pragmatic approach to posttrial errors, as appealing as it is, is fundamentally
flawed. In United States v. Wheelus, 49 MJ 283 (1998), we undertook
a thorough review of the cases involving posttrial errors. We established
a three-part requirement for an appellant to prevail on an allegation of
error on appeal: "First, an appellant must allege the error at the Court
of Criminal Appeals. Second, an appellant must allege prejudice as a result
of the error. Third, an appellant must show what he would do to resolve
the error if given such an opportunity." Id. at 288. Appellant has
met that burden here.
There is nothing unique about the Wheelus
approach to the practice of law. Indeed, it is the ordinary method by which
pleadings are drafted. First, allege error; second, allege prejudice as
a result of the error; and third, allege what remedy would undo the prejudice.
This must be said. Errors in posttrial processing
reflect defective staff work. Such errors are fundamentally different from
the errors resulting from the intense, dynamic atmosphere of a trial. We
do not accept the notion that commanders are well served by staff work
that is incomplete or inaccurate. No reasonable Air Force commander would
accept such defective work from the flight operations or logistics officer
on his or her staff, and we should not expect commanders to make decisions
based upon defective staff work from their staff judge advocates.
Quite frankly, records that come to the Courts
of Criminal Appeals with defective staff work are simply not ready for
review. When such errors are brought to our attention or to the attention
of the Courts of Criminal Appeals, they should be returned promptly to
the convening authority for preparation of a new SJA recommendation and
action. Otherwise, they should be corrected immediately by the Courts of
Criminal Appeals, as envisioned in Wheelus. We believe the better
practice is to return the records of trial to the convening authority.
It is that official's statutory duty, not ours, to consider what action
is appropriate in the circumstances.
The petition for grant of review of the decision
of the United States Air Force Court of Criminal Appeals is hereby granted
on the issue raised by appellate defense counsel.
The decision of the United States Air Force
Court of Criminal Appeals and the action of the convening authority are
set aside. The record of trial is returned to the Judge Advocate General
of the Air Force for submission to a general court-martial convening authority
for a new recommendation and action. Thereafter, Articles 66 and 67(a),
UCMJ, 10 USC §§ 866 and 867(a)(1994), respectively, will apply.
FOOTNOTES:
1/ This is particularly
important now that the convening authority is no longer required to read
the record.
2/ This
requirement was added in 1995 (see Manual, supra at A25-27
and A25-34), well before the recommendation and addendum were prepared.
3/ We
conclude that this was plain error.
See United States v. Clear,
34 MJ 129, 132 (CMA 1992).

CRAWFORD, Judge (dissenting):
Appellant was charged with rape, forcible sodomy,
and indecent acts with a 12-year old. Pursuant to a pretrial agreement,
he pleaded guilty to carnal knowledge, consensual sodomy, and indecent
acts.
Appellant was sentenced to a dishonorable discharge,
18 years confinement, total forfeitures, and reduction to the lowest enlisted
grade. Pursuant to the pretrial agreement, the convening authority reduced
the confinement from 18 years to 15 years. Based on the attached stipulation
in this case, no convening authority would have changed the forfeitures
based on a hope and a prayer that appellant would send the money to his
ex-wife.
The majority opinion is based on the assumption
that upon a waiver of the forfeitures, appellant would voluntarily pay
the money to the wife who reported him after a pretextual phone call in
1997, divorced him in 1996, remarried, and now has the custody of his son.
This is not an instance where the convening authority may direct the money
to be sent directly to his dependent son under Article 58b(b), UCMJ, 10
USC § 858b(b), which the majority recognizes was not in effect because
of the date of appellants offenses. National Defense Authorization Act
for Fiscal Year 1996, Pub. L. No. 104-106, § 1122(b) (February 10,
1996).

Appendix: Stipulation of Fact
Page
1, Page
2, Page
3, Page
4, Page
5, Page
6

 
Home
Page  |  Opinions

|  Daily
Journal   |  Public
Notice of Hearings