UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI, and HAM
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant CHARLES E. MCANGUS
 United States Army, Appellant

 ARMY 20070054

 Headquarters, 25th Infantry Division
 Edward O’Brien, Military Judge
 Colonel Timothy J. Pendolino, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa L. Raymond, JA; Captain Seth A.
Director, JA (on original brief); Captain Richard P. Pizer, JA; Captain W.
Jeremy Stephens (on additional pleadings).

For Appellee: Major Elizabeth G. Marotta, JA; Major Jay Eiche, JA, USAR;
Captain Larry W. Downend, JA (on original brief); Major Christopher B.
Burgess, JA; Captain Jonathan P. Robell (on additional pleadings).

 28 January 2009

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of violating a lawful order from a
noncommissioned officer, dereliction of duty, assault (two specifications),
communicating a threat, and wrongful discharge of a firearm, in violation
of Articles 91, 92, 128, and 134, Uniform Code of Military Justice, 10
U.S.C. §§ 891, 892, 928, and 934 [hereinafter UCMJ]. The military judge
sentenced appellant to a bad-conduct discharge, confinement for four
months, and reduction to E1. The military judge also recommended that “the
convening authority waive $400.00 pay per month during the period of
confinement and direct that the money be paid to the guardian of
[appellant’s] minor daughter for the child.” Pursuant to Rule for Courts-
Martial (R.C.M.) 1105, appellant submitted matters to the convening
authority and requested retroactive deferment of automatic forfeitures.
The staff judge advocate’s (SJA) post-trial recommendation (SJAR) did not
mention the military judge’s recommendation to waive automatic forfeitures
or appellant’s request for deferment of automatic forfeitures.

 In the action, the convening authority disapproved and dismissed one
specification (Specification 1 of Charge III alleging a violation of
Article 128, UCMJ), approved the remaining findings, and attempted to
approve a sentence. The original action read in pertinent part that:
“Only so much of the sentence as provides for reduction to E1 and
confinement for 100 days is approved and except for the part of the
sentence extending to a Bad-Conduct Discharge shall be executed.” The
convening authority also credited appellant with 77 days of confinement
against his sentence to confinement.

 On 30 August 2007 appellant submitted pleadings alleging four
assignments of error. The first assignment of error claimed the convening
authority expressed his clear and unambiguous intent to disapprove the
adjudged bad-conduct discharge and recommended this court remove the
language in the action that stated “expect for the part of the sentence
extending to a Bad-Conduct Discharge shall be executed.” On 26 March 2008,
the government responded to the first assignment of error, argued the
action was ambiguous, and recommended we return the record of trial to the
Judge Advocate General for remand to the convening authority to withdraw
the ambiguous action and substitute a corrected action and prom order. The
government, however, did not address the remaining three assignments of
error. Upon initial review of this case, we found the convening authority
did not take “explicit” action on the adjudged punitive discharge and
ordered the record of trial returned to the same convening authority to
withdraw the action, dated 17 May 2007, and to substitute an action in
accordance with Article 60(c)-(d), UCMJ, and R.C.M. 1107(g), clarifying his
intention as to the discharge. In light of our decision, we deemed it
unnecessary for us to decide the remaining three assignments of error.

 On 4 September 2008, the convening authority executed a new action
explicitly approving the sentence to a bad-conduct discharge. On 2 October
2008, the record of trial was returned to this court for further review and
we ordered appellant counsel to submit additional pleadings, if necessary.
On 24 November 2008, appellant defense counsel submitted the case upon its
merits, without additional pleadings, but specifically requested this court
consider the remaining assignments of error. On 5 December 2008,
government appellate counsel notified this court that the government relied
upon its earlier pleading.

 Two of the three remaining assignments of error merit brief
discussion and relief. Appellant asserts, inter alia, the convening
authority erred by failing to act on appellant’s deferment request and the
staff judge advocate erred by failing to advise the convening authority of
the military’s judge’s recommendation for clemency.

 Article 57(a)(2), UCMJ, authorizes a convening authority to defer
forfeitures or reduction in grade on application of an accused. See also
Art. 58b(a)(1), UCMJ. The convening authority “may, upon written
application of the accused, at any time after the adjournment of the court-
martial, defer the accused's service of a sentence to confinement,
forfeitures, or reduction in grade that has not been ordered executed.”
R.C.M. 1101(c)(2). An accused has the burden of showing entitlement to
deferment. R.C.M. 1101(c)(3). The convening authority's action on a
request for deferment “shall be subject to judicial review only for abuse
of discretion.” Id. A deferment request and the convening authority's
action on it must be attached to the record of trial. R.C.M. 1103(b)(3)(D)
and 1103(c)(1). In this case, the record is devoid of any evidence that
the convening authority took action on appellant’s deferment request.
Consequently, the convening authority abused his discretion and we will
grant relief in the decretal paragraph.

 Furthermore, the SJAR failed to inform the convening authority of the
military judge’s recommendation to waive automatic forfeitures for the
period of confinement. A recommendation by a military judge must be
brought to the attention of the convening authority to assist him in
considering the action to take on the sentence. United States v. Clear, 34
M.J. 129 (C.M.A. 1992). Despite trial defense counsel identifying this
error in his post-trial submissions, the addendum to the SJAR still failed
to correct this omission. The President has specifically directed SJAs to
advise the convening authorities of such recommendations. R.C.M.
1106(d)(3)(B). Because the recommendation herein failed in this regard, we
conclude that the SJAR was in error.

 As a remedy for the post-trial errors in this case, appellant requests
we return the case for a new SJAR and convening authority action. In our
judgment, such a remedy is unnecessary, as we exercise our broad power to
moot claims of prejudice by affirming only such findings of guilty and the
sentence as we find correct in law and fact, based on the entire record.
See United States v. Wheelus, 49 M.J. 283, 288 (C.A.A.F. 1998); Art. 66(c),
UCMJ. We will set aside thirty days of the approved sentence to
confinement (which has already been served). This will permit appellant to
receive pay and allowances at the grade of Private E1 for the twenty-three
days appellant served in confinement post-trial plus an additional seven
days. We are satisfied that such a remedy, is in fact, meaningful, as it
adequately moots any claim of prejudice that appellant has at this point in
the appellate process and negates any necessity to return this case to the
convening authority for additional factfinding and/or a new review and
action.

 The findings of guilty are affirmed. Reassessing the sentence after
considering the entire record, including the errors noted herein, the court
affirms only so much of the sentence as provides for a bad-conduct
discharge, confinement for seventy days, and reduction to Private E1. All
rights, privileges, and property of which appellant has been deprived by
virtue of that portion of his sentence set aside by this decision are
ordered restored. See UCMJ arts. 58b(c) and 75(a).

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court