# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman Basic SIR EDWARD S. THOMAS JR.
### United States Air Force

### ACM S32184

### 29 October 2014

Sentence adjudged 23 September 2013 by SPCM convened at Tinker Air Force Base, Oklahoma. Military Judge: Natalie D. Richardson (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 2 months.

Appellate Counsel for the Appellant: Major Christopher D. James.

Appellate Counsel for the United States: Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

HECKER, MITCHELL, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

A special court-martial composed of a military judge convicted the appellant, pursuant to his pleas, of wrongfully using marijuana and breaking restriction, in violation of Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934. The adjudged sentence consisted of a bad-conduct discharge and confinement for 2 months. The convening authority approved the sentence as adjudged.

On appeal, the appellant argues he is entitled to a new convening authority action where the staff judge advocate failed to advise the convening authority of the military judge's recommendation to suspend the bad-conduct discharge.

*Staff Judge Advocate's Recommendation*

The appellant pled guilty to using marijuana and breaking restriction—behavior which caused multiple members of his unit to search for him. Following announcement of the sentence, the military judge said, "I recommend clemency in the form of suspension of the execution of the bad-conduct discharge." Because this clemency recommendation was not included in the staff judge advocate's recommendation (SJAR), the appellant argues he is entitled to a new convening authority action.

Proper completion of post-trial processing is a question of law which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[*] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65; (quoting *United States v. Wheelus*, 49 MJ 283, 289 (1998)).

"A recommendation by a military judge must be brought to the attention of the convening authority to assist him in considering the action to take on the sentence." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (citing *United States v. Clear*, 34 M.J. 129, 134 (C.M.A. 1992)). The SJAR and addendum plainly omit any reference to the military judge's clemency recommendation. This omission constitutes plain and obvious error.

We also find the appellant has made a colorable showing of prejudice from this error. Although the military judge's recommendation was referenced within the appellant's clemency submission, the convening authority should have been informed by

---

[*] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

his legal advisor of this significant and uncommon recommendation from a military judge, especially in light of the appellant's significant medical issues.

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the action and for post-trial processing consistent with this opinion. R.C.M. 1107(g); Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, Article 66(c), UCMJ, 10 U.S.C. § 866(c), will apply.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court