# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman BROCK A. BOREN
### United States Air Force

### ACM S32206

### 08 January 2015

Sentence adjudged 21 November 2013 by SPCM convened at Sheppard Air Force Base, Texas. Military Judge: Matthew S. Ward (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $1,010.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Travis L. Vaughan.

Appellate Counsel for the United States: Lieutenant Colonel John E. Owen; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Air Force Rule of Practice and Procedure 18.4.

WEBER, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation for possessing Spice on divers occasions, one specification of using marijuana, and one specification of using methamphetamine on divers occasions, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The adjudged and approved sentence consisted of a bad-conduct discharge, confinement for 3 months, forfeiture of $1,010.00 pay per month for 3 months, and reduction to E-1.

The appellant asserts he is entitled to new post-trial processing because the staff judge advocate (SJA) failed to advise the convening authority of the military judge's statement concerning the appellant's suitability for the return to duty program. We disagree and affirm.

*Staff Judge Advocate's Recommendation*

The record reveals the appellant's military service record was positive until he returned from a deployment in early 2012, when personal problems affected him and his misconduct that formed the basis for this court-martial began. The appellant pled guilty to the various drug offenses outlined above. Following announcement of the sentence, the military judge noted, "The Court would add that based on the accused's record while deployed and reflected in his Enlisted Performance Reports prior to 4 July 2012, the Court believes that Airman Boren would make an excellent candidate for the Return to Duty Program if he chose to apply."

Following completion of the record of trial, the appellant was provided the staff judge advocate's recommendation (SJAR), which did not mention the military judge's statement about the appellant's suitability for the return to duty program. Neither the submission by the appellant nor that of his trial defense counsel requested the appellant be considered for this program, nor did either allege any error in the SJAR. The appellant expressed no desire to continue his military service, but in fact outlined his plans to attend school following his release from confinement. After considering the appellant's clemency submission, the convening authority approved the sentence as adjudged. A pretrial agreement had no effect on the convening authority's ability to approve the adjudged sentence. The appellant alleges the SJA should have advised the convening authority of the military judge's statement concerning the return to duty program.

"A recommendation by a military judge must be brought to the attention of the convening authority to assist him in considering the action to take on the sentence." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (citing *United States v. Clear*, 34 M.J. 129, 134 (C.M.A. 1992)). Failure to comment in a timely manner on matters in the SJAR, or on matters attached to the SJAR, forfeits[1] any later claim of error, resulting in plain error review on appeal. Rule for Courts-Martial 1106(f)(6);

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005), both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation (SJAR). However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the SJAR. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the SJAR).

*United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice" affecting his opportunity for clemency. *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 MJ 283, 289 (C.A.A.F. 1998)).

The military judge's statement after announcement of sentence covered only the appellant's suitability for the return to duty program, not any aspect of the adjudged sentence. The Government concedes the SJA committed error that was plain or obvious in failing to advise the convening authority of the military judge's statement. We accept the Government's concession and turn to the question of prejudice.

We find no colorable showing of possible prejudice by this omission. The military judge's statement did not concern an aspect of the adjudged sentence, and therefore would not have prompted the convening authority to disapprove some portion of the adjudged sentence. More importantly, the appellant did not apply for the return to duty program. His clemency submission made no mention of a desire to participate in this program, and he plainly indicated he had other plans after his release from confinement. Even in his brief to this court, the appellant indicates no desire to actually participate in the return to duty program. Because the military judge's statement only concerned the return to duty program, there is no reasonable possibility that the convening authority would have granted clemency on any aspect of the adjudged sentence had this matter been raised to his attention. Additionally, because the appellant elected not to apply for this program, there is no colorable showing that he might have been granted entry into this program had the SJA advised the convening authority of this matter.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are **AFFIRMED**.

 FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32206