# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32465

_____

### UNITED STATES
_Appellee_

**v.**

### Bryce J. SPELTS
Airman (E-2), U.S. Air Force, _Appellant_

_____

### Appeal from the United States Air Force Trial Judiciary

### Decided 16 May 2018

_____

_Military Judge:_ Joseph S. Imburgia.

_Approved sentence:_ Bad-conduct discharge, confinement for 30 days, hard labor without confinement for 2 months, reduction to E-1, and a reprimand. Sentence adjudged 16 February 2017 by SpCM convened at Holloman Air Force Base, New Mexico.

_For Appellant:_ None.[1]

---

[1] On 16 February 2017, the same date as the announcement of sentence, Appellant executed an Air Force IMT 304 (May 2000) (AF IMT 304), _Request for Appellate Defense Counsel_, electing not to request appellate defense counsel to represent him before this court. This form not only provides a means by which an appellant may request or decline appellate counsel, but also includes a declaration that the signatory understands he or she is entitled to request appellate defense counsel, and that he or she is also entitled to retain civilian counsel at no expense to the Government. In _United States v. Xu_, 70 M.J. 140 (C.A.A.F. 2011) (mem.), the United States Court of Appeals for the Armed Forces concluded that an appellant's waiver of appellate counsel prior to the convening authority's action was premature. On 24 April 2017, 18 days after the convening authority took action in this case, Appellant executed a second AF IMT 304 and

(_Footnote continues on next page_)

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and a pretrial agreement (PTA), of wrongfully using cocaine, marijuana, and oxycodone, each on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, two months of confinement, hard labor without confinement for two months, reduction to E-1, and a reprimand. The convening authority approved the bad-conduct discharge, the hard labor without confinement for two months, the reduction to E-1, and the reprimand, but only 30 days of confinement in accordance with the terms of the PTA.[2]

Though not raised by Appellant, an error in the staff judge advocate's recommendation (SJAR) compels us to remand the case for new post-trial processing.[3]

————————————

again elected not to request appellate defense counsel. Appellant's case was docketed with this court on 27 April 2017. This court subsequently issued a Show Cause Order on 30 March 2018 and received a response by the Government on 12 April 2018. As of the date of this decision, the court has not received a notice of appearance from any counsel or any pleading filed on behalf of or by Appellant. The court also has not received a waiver or withdrawal of appellate review.

[2] The PTA between Appellant and the convening authority provided that the latter would refer Appellant's case to trial by special court-martial and not approve any confinement in excess of 30 days, but contained no other limitation on the sentence that could be approved.

[3] We also note the addendum to the SJAR failed to correct the clemency submission's erroneous implication that the convening authority could disapprove the bad-conduct

(*Footnote continues on next page*)

## I. BACKGROUND

Immediately following the conclusion of Appellant's court-martial, the military judge held a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session to address whether certain documents needed to be sealed in the record of trial. After resolving that issue, the military judge, as the sentencing authority, then stated:

> One thing that I want to mention, I'll just put it on the record, since we're here. There are several reasons for the sentence adjudged, but one of the reasons that I want to at least put on the record with respect to the reprimand is, ultimately, reprimands are a way where you can capture a lot of different things. One thing that I think should be captured for [Appellant's] benefit is all of his assistance along the way. To the extent that you can capture that, that would be my recommendation that that is included in the reprimand, which is normally not the best place for it, but I think this might be a proper case where you can capture that involvement.

On 15 March 2017, the staff judge advocate (SJA) prepared his SJAR advising the convening authority to approve the court-martial findings and the sentence as adjudged except for limiting the amount of confinement to 30 days in accordance with the PTA. The SJAR made no mention of the military judge's clemency recommendation. Appellant's timely clemency submission consisted of memoranda from both Appellant and his trial defense counsel requesting only that the bad-conduct discharge be disapproved and an administrative discharge imposed instead. Neither memorandum from Appellant nor his trial defense counsel raised the SJAR's omission of the military judge's clemency recommendation.

The addendum to the SJAR dated 21 March 2017 advised the convening authority that the Defense alleged no legal error, but did request the bad-conduct discharge be disapproved. Like the SJAR, the addendum to the SJAR recommended that the convening authority approve the adjudged sentence except for limiting the confinement to 30 days. The addendum to the SJAR also made no mention of the military judge's clemency recommendation. The reprimand

---

discharge in Appellant's case. Further, we note that the Personal Data Sheet attached to the SJAR contained obvious errors in Appellant's rank, pay, and prior action under Article 15, UCMJ, 10 U.S.C. § 815, and was not the same as the correct one introduced at trial. In addition, the word "use" was omitted from Specification 3 of the Charge in the court-martial order (CMO).

approved by the convening authority contained no information addressing Appellant's assistance as recommended by the military judge.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). If the Defense does not make a timely comment on an error in the SJAR, the error is waived "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *Kho*, 54 M.J. at 65). Under a plain error analysis, we assess whether: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65). To meet the third prong of the plain error test in the context of a post-trial SJAR error, whether that error is preserved or is otherwise considered under the plain error doctrine, we must find "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation reflects the convening authority's vast power in granting clemency and is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Id.* at 437 (citing *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). Because Appellant did not object to the SJAR, we test for plain error.

We find plain error in that neither the SJAR nor the addendum to the SJAR advised the convening authority of the military judge's clemency recommendation. A reprimand is a "punitive censure" and an authorized form of punishment that may be adjudged in a court-martial. Rule for Courts-Martial (R.C.M.) 1003(b)(1); R.C.M. 1003(b)(1), Discussion. While not specifying the terms or wording of the reprimand as proscribed by R.C.M. 1003(b)(1), the military judge recommended the inclusion of information in the reprimand that would reflect positively on Appellant. Consequently, the military judge's statements regarding the information he recommended be included in the reprimand for "[Appellant's] benefit" constituted a clemency recommendation, even though the statements were made in a post-trial Article 39(a), UCMJ, session conducted within an hour following the conclusion of Appellant's court-martial.

R.C.M. 1106(d)(3) explicitly states that "any recommendation for clemency by the sentencing authority made in conjunction with the announced sentence" is a required component of an SJAR. *See United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (citing *United States v. Clear*, 34 M.J. 129 (C.M.A. 1992)) ("A recommendation by a military judge must be brought to the attention of the convening authority to assist him in considering the action to be taken on the

sentence."); *see also* Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.16.3 (6 Jun. 2013, as amended by AFGM 2016-1, 3 Aug. 2016).[4]

The failure to include the clemency recommendation by the military judge in the SJAR or addendum to the SJAR leads to undue speculation as to whether or not the convening authority would have included the recommended information in the reprimand, or taken some other action favorable to Appellant in the exercise of his discretion. *See Scalo*, 60 M.J. at 437. Therefore, a colorable showing of possible prejudice exists which merits relief.

### III. CONCLUSION

The convening authority's action, dated 6 April 2017, is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing consistent with this opinion. Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, will apply.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[4] This version of AFI 51-201 was in effect during the post-trial processing of Appellant's case in 2017.