*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES
————————

**UNITED STATES**
Appellant

**v.**

**Chase T. MILLER,**
**Interior Communications Electrician Seaman**
United States Navy, Appellee

**No. 21-0222**
Crim. App. No. 201900234

Argued December 8, 2021—Decided April 4, 2022

Military Judge: Roger E. Mattioli

For Appellant: *Lieutenant Catherine M. Crochetiere*, JAGC, USN (argued); *Lieutenant Colonel Christopher G. Blosser*, USMC, *Major Kerry E. Friedewald*, USMC, and *Brian K. Keller*, Esq. (on brief); Lieutenant Colonel Nicholas L. Gannon, USMC.

For Appellee: *Lieutenant Megan E. Horst*, JAGC, USN (argued).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge MAGGS, Judge HARDY, and Senior Judge CRAWFORD joined.

————————

Judge SPARKS delivered the opinion of the Court.

A military judge sitting as a special court-martial convicted Appellee, pursuant to his pleas, of one specification of violating a general order, three specifications of making a false official statement, and one specification of wrongful use of a controlled substance, in violation of Articles 92, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 907, 912a (2018). The military judge sentenced Appellee to confinement for twelve months, reduction to E-1, and a bad-conduct discharge. The military judge awarded Appellee 224 days of confinement credit: 201 of those days were for pretrial confinement and twenty-three days for nonjudicial punishment. The military judge subsequently awarded an additional fifteen days of credit and the

convening authority approved the sentence subject to these additional fifteen days of credit. The United States Navy-Marine Corps Court of Criminal Appeals set aside the convening authority's action and the entry of judgment due to premature convening authority action. The Judge Advocate General of the Navy then certified the following issues pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2018):

I.    Did the lower court err in finding the convening authority abused his discretion under R.C.M. 1109 by acting after Appellee submitted R.C.M. 1106 clemency matters but before the military judge issued his written post-trial ruling?

II.   Did the lower court err in finding that the staff judge advocate's review was uninformed under R.C.M. 1109 where the review was completed after Appellee submitted R.C.M. 1106 clemency matters and review of the military judge's post-trial ruling was not required under R.C.M. 1109?

III.  Did the lower court err in finding that the post-action written ruling was a substantial omission where the ruling was not an R.C.M. 1106 matter and nothing in the new rules required the convening authority to consider the ruling prior to taking action under R.C.M. 1109 even if included in the record of trial?

We answer all three certified questions in the affirmative.

### *Background*

On May 8, 2019, Appellee's court-martial adjourned, and the military judge signed the Statement of Trial Results. Appellee was then placed in a post-trial "protective custody" status in a civilian correctional facility for thirty-three days. On May 16, 2019, trial defense counsel discovered Appellee's placement in post-trial "protective custody." The next day, trial defense counsel submitted written clemency and deferral requests to the convening authority. Neither clemency request raised Appellee's post-trial "protective custody" status.

On June 28, 2019, Appellee submitted a post-trial motion, in accordance with Rule for Courts-Martial (R.C.M.) 1104 (2019 ed.), to the military judge alleging illegal post-trial confinement based on his post-trial placement in "protective custody." On Tuesday, July 9, 2019, the military judge held

an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2018), session and heard the parties' arguments on the motion. Following the arguments, the military judge stated he would "do [his] best to get a ruling out to the parties hopefully Thursday, Friday at the latest" but that he might just inform the parties of the decision and then follow up with written findings of fact and conclusions of law at another time. Two days later, the military judge corrected the original Statement of Trial Results by adding an additional fifteen days of confinement credit.

On July 24, 2019, after considering Appellee's written clemency and deferral requests, the pretrial agreement, the original and corrected Statement of Trial Results, and consulting with the staff judge advocate, the convening authority approved the adjudged sentence. The convening authority's action reflected 239 days of confinement credit, inclusive of the fifteen days of credit included in the corrected Statement of Trial Results.

On July 31, 2019, the military judge issued a written ruling denying Appellee's post-trial motion in regards to illegal post-trial confinement. The military judge found, sua sponte, that Appellee's pretrial confinement conditions violated Article 13, UCMJ, 10 U.S.C. § 813 (2018), and awarded Appellee fifteen days of additional confinement credit, for a total of 239 days of credit.

On appeal, the United States Navy-Marine Corps Court of Criminal Appeals noted that the military judge's post-trial ruling did not exist at the time the convening authority acted. *United States v. Miller*, No. NMCCA 201900234, 2021 CCA LEXIS 59, at *3–6, 2021 WL 494852, at *2–3 (N-M. Ct. Crim. App. Feb. 10, 2021) (per curiam) (unpublished). The lower court determined that the military judge's post-trial written ruling was a substantial omission from the record at the time of the convening authority's action. *Id*. at *5–6, 2021 WL 494852, at *3. The lower court found that as a result of this substantial omission from the record, the convening authority was deprived of the ability to review material within his discretion to consider, and thus to meaningfully exercise his clemency authority. *Id*. at *8, 2021 WL 494852, at *3. Further, because the military judge's post-trial ruling did not exist, the staff judge advocate was unable to provide an

informed recommendation to the convening authority. *Id.*, 2021 WL 494852, at \*3. Therefore, the lower court set aside the convening authority's action and the entry of judgment. *Id*. at \*10, 2021 WL 494852, at \*4.

### *Discussion*

The third certified issue asks whether the lower court erred in finding that the absence of the military judge's post-action written ruling was a substantial omission. As with all appellate issues, it is appropriate that we first resolve the appropriate framework of analysis.

"A complete record of the proceedings and testimony shall be prepared . . . in each special court-martial case in which the sentence adjudged includes a bad-conduct discharge, confinement for more than six months, or forfeiture of pay for more than six months." Article 54(c)(1)(B), UCMJ, 10 U.S.C. § 854(c)(1)(B) (2018). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the [g]overnment must rebut." *United States v. Henry*, 53 M.J. 108, 111 (C.A.A.F. 2000) (citation omitted). Whether a record of trial is complete is a question of law we review de novo. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014).

The charge and specifications were referred to trial after January 1, 2019; therefore, the R.C.M. that went into effect on January 1, 2019, were generally applicable to the post-trial processing of Appellee's case. *See* Exec. Order No. 13,825, § 5, 83 Fed. Reg. 9889, 9890 (Mar. 1, 2018). Under the old procedural rules, the convening authority action was the final stage before the record was forwarded to the appellate court. In general, R.C.M. 1104(b)(1)(A) (2016 ed.) required the government to "cause a copy of the record of trial to be served on the accused as soon as the record of trial is authenticated." The accused, then, had a minimum of ten days for submission of clemency matters. R.C.M. 1105(c)(1) (2016 ed.). Only then could the convening authority take action. R.C.M. 1106(f)(5) (2016 ed.).

The President made substantial changes to post-trial processing with the 2019 R.C.M. (The relevant R.C.M. are summarized in the Appendix to this opinion.) Under the new procedural rules, an accused's time line for submitting clemency matters begins when the sentence is announced, not

when the record of trial is served on him or her, as the accused now has ten days from the announcement of sentence to submit matters for convening authority review. R.C.M. 1106(d)(1) (2019 ed.). The record of trial is no longer a trigger for the time line to submit post-trial matters by the accused. Instead, the only restrictions to the timing of the convening authority's action, under the new rules, is that the convening authority consult with the staff judge advocate and consider any timely R.C.M. 1106 clemency matters. R.C.M. 1109(d)(2), (3) (2019 ed.).[1] Any action by the convening authority must occur before entry of judgment by the military judge, R.C.M. 1109(d)(3),[2] 1111(e)(2) (2019 ed.), and entry of judgment must occur before the court reporter certifies the record of trial, R.C.M. 1112(c)(1) (2019 ed.). The convening authority's decision on action can occur before the record of trial is complete. Because the convening authority was not required to consider a complete record of trial, the nonexistence of the military judge's post-trial ruling at the time the convening authority acted is more properly analyzed as a post-trial processing error than as a substantial omission from the record.

The standard of review for determining whether post-trial processing was properly completed is de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). R.C.M. 1104(b)(2)(B) (2019 ed.) provides that either party may file a post-trial motion within five days of receiving the convening authority's action to address an asserted error in the convening authority's action. Trial defense counsel was served with a copy of the convening authority's action on July 25, 2019, but made no motion alleging error within five days. An accused's failure to file a post-trial motion within the allotted time forfeits his or her right to object to the accuracy of the

---

[1] R.C.M. 1109(d) (2019 ed.) has an apparent codification error because it includes two paragraphs designated as paragraph "(3)." The first paragraph (3) addresses the convening authority's *"Consideration of matters,"* while the second paragraph (3) addresses the *"Timing"* of the convening authority's action. The instant citation refers to the first paragraph (d)(3) in R.C.M. 1109 (2019 ed.).

[2] This citation refers to the second paragraph (d)(3) in R.C.M. 1109 (2019 ed.).

convening authority's decision on an action, absent plain error.[3] Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused. *United States v. McPherson*, 81 M.J. 372, 377 (C.A.A.F. 2021). "To meet this burden in the context of a post-trial recommendation error, whether [the] error is preserved or is otherwise considered under the plain error doctrine, an [accused] must make 'some colorable showing of possible prejudice.'" *United States v. Scalo*, 60 MJ. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

The first two certified issues question the lower court's underlying finding that all substantive rulings of the military judge should exist before a staff judge advocate makes a recommendation and the convening authority takes action. *Miller*, 2021 CCA LEXIS 59, at *8–9, 2021 WL 494852, at *3. "In determining whether to take action, or to decline taking action under [R.C.M. 1109], the convening authority shall consult with the staff judge advocate or legal advisor." R.C.M. 1109(d)(2) (2019 ed.). Before taking or declining to take action on the sentence, the convening authority shall consider matters timely submitted by the accused, and may consider,

---

[3] Appellee contends that he had no "meaningful opportunity" to allege error in the convening authority's action because the military judge issued the post-trial ruling the same day he entered judgment, "thereby initiating the appellate process." Notwithstanding the written post-trial ruling still forthcoming, Appellee failed to object and did not move to correct the decision on action or entry of judgment. *See* R.C.M. 1104(b)(1)(F) (2019 ed.) (permitting parties to file a post-trial motion alleging "error in the convening authority's action under R.C.M. 1109 or 1110"); R.C.M. 1104(b)(2)(B) (2019 ed.) ("A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action."). The convening authority acted on July 24, 2019, after the post-trial motion was litigated, and before the Entry of Judgment on July 31, 2019. Appellee had the facts at hand to allege error in the convening authority's action based on his failure to consider the conditions of Appellee's post-trial confinement. Under the facts of this case, Appellee's failure to file a R.C.M. 1104(b)(2)(B) (2019 ed.) motion forfeited his right to object to the accuracy of the convening authority's action, absent plain error.

inter alia, "[s]uch other matters as the convening authority deems appropriate." R.C.M. 1109(d)(3)(A), (B)(iv) (2019 ed.).

In *United States v. Clear*, 34 M.J. 129, 130 (C.M.A. 1992), after announcing the sentence, the military judge had recommended that the accused "be afforded an opportunity to earn conditional suspension of the discharge." *Id*. The staff judge advocate failed to mention the military judge's recommendation in his initial recommendation or in the addendum. *Id*. at 130–31. We held that it was generally plain error for the staff judge advocate to "fail to call the convening authority's attention to a clemency recommendation made at the time of sentencing by the military judge who has adjudged the sentence." *Id*. at 132.

Appellee contends "*Clear* is still important precedent despite the removal of a mandatory written staff judge recommendation under the Military Justice Act of 2016 because it demonstrates how this Court has dealt with a simplification of the post-trial process before." Appellee argues that staff judge advocates still have an implied duty to provide pertinent information to the convening authority.

We disagree. The recent amendments have made *Clear* inapplicable because they have done away with the staff judge advocate's review of the record and written recommendation. Here, the convening authority consulted with the staff judge advocate prior to taking action. R.C.M. 1109(d)(2) (2019 ed.) places no requirement on the staff judge advocate to review the record, or wait for a completed record. The lower court erred in finding that the omission of the military judge's post-trial written ruling rendered the staff judge advocate's recommendation uninformed.

Relatedly, nothing in the new rules supports the lower court's finding that all substantive rulings of the military judge should exist before a convening authority determines whether to take action. *Miller*, 2021 CCA LEXIS 59, at *9, 2021 WL 494852, at *3. R.C.M. 1109(d)(2), (d)(3) (2019 ed.), only requires the convening authority to consult with the staff judge advocate and consider Appellee's R.C.M. 1106 clemency matters before deciding whether to act. The convening authority considered Appellee's written clemency and deferral requests, neither of which raised the conditions of his

custody, and the convening authority consulted with the staff judge advocate before taking action.

Appellee contends that the convening authority, even though he was not required to do so, elected to consider the record of trial before taking action, which is within his discretion to consider under R.C.M. 1109(d)(3)(B)(iv) (2019 ed.). Appellee is correct that it is within the convening authority's discretion to consider "other matters" he deems appropriate. R.C.M. 1109(d)(3)(B)(iv) (2019 ed.). Here, the convening authority specified the other matters in the record he considered when acting: "Matters Considered[:] In taking this action, I have considered the pretrial agreement of 3 April 2019, Statement of Trial Results of 8 May 2019 and correction thereto of 11 July 2019, and the two defense counsel letters of 17 May 2019." The convening authority also noted that, "[u]pon review of the record" and "[a]fter carefully considering the record," he denied Appellee's requests for deferment and clemency. Appellee argues that these latter statements meant that the convening authority elected to consider the entire record, which should have included his post-trial motion and the military judge's ruling thereon. We disagree. In context, the convening authority's statements about reviewing "the record" refer to the portions of the record listed as "Matters Considered" and no more.

Given the significant changes in the post-trial processing system that applied to Appellee's case, we conclude that the convening authority's action was not premature nor was the staff judge advocate's recommendation uninformed. The record of trial is not required to be complete at this stage of post-trial processing. Appellee had the right to submit clemency matters, and the convening authority must, and did, consider the clemency matters. If Appellee wanted to ensure that the convening authority considered his post-trial confinement conditions, the appropriate place was to include it in his clemency request or to have filed a post-trial motion within five days of receiving the convening authority's action. He did not do so. Therefore, there is no error for us to correct.[4]

---

[4] Appellee also argues that the convening authority committed plain error when he approved fifteen days of confinement credit that the military judge had not yet awarded. Such a claim is outside

### *Decision*

We answer the three certified questions in the affirmative. The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed and the record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further proceedings under Article 66, UCMJ, 10 U.S.C. § 866 (2018).

---

the scope of the certified issues. Nonetheless, whether or not the convening authority committed plain error, the error was not prejudicial because the convening authority's action resulted in Appellee's release from custody fifteen days early.

## *Appendix*

| | Rules for Courts-Martial (2019 ed.) |
|---|---|
| **Rules for Submitting Clemency Matters** | **R.C.M. 1106(d)(1)**: "*General and special courts-martial.* After a trial by general or special court-martial, the accused may submit matters to the convening authority under this rule within ten days after the sentence is announced." <br><br> **R.C.M. 1106(d)(4)(A):** "If, within the [ten-day window], the accused shows that additional time is required for the accused to submit matters, the convening authority may, for good cause, extend the period for not more than 20 days." <br><br> **R.C.M. 1106(e)(1):** "*Failure to submit matters.* Failure to submit matters within the time prescribed by this rule waives the right to submit such matters." |
| **Rules for When and How the Convening Authority May Take Action** | **R.C.M. 1109(d)(2):** "*Legal advice.* In determining whether to take action, or to decline taking action under this rule, the convening authority shall consult with the staff judge advocate or legal advisor." <br><br> **R.C.M. 1109(d)(3)(A):** "*Matters submitted by accused and crime victim.* Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." <br><br> **R.C.M. 1109(d)(3)(B):** "*Additional Matters.* Before taking action the convening authority may consider— <br><br> (i) The Statement of Trial Results; <br> (ii) The evidence introduced at the court-martial, any appellate exhibits, and the |

| | recording or transcription of the proceedings . . . ; (iii) The personnel records of the accused; and (iv) Such other matters as the convening authority deems appropriate." **R.C.M. 1109(d)[4]:** *"Timing*. . . . [A]ny action taken by the convening authority under this rule shall be taken prior to entry of judgment." |
|---|---|